Michael L. Greenwald (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed Class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*, | ) ) ) | No.: |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| Gen Digital Inc., | ) ) | |
| Defendant. | ) ) ) | |

**Nature of this Action**

1. Michelle Jackson ("Plaintiff") brings this class action against Gen Digital Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

1

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and belief, Defendant routinely used an artificial or prerecorded voice in connection with non-emergency calls it placed to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Defendant is headquartered in this district.

**Parties**

7. Plaintiff is a natural person who resides in Tuscaloosa, Alabama.

8. Defendant is a global company with a family of consumer brands including Norton, Avast, LifeLock, Avira, AVG, ReputationDefender and CCleaner.

9. Defendant touts its cyber safety portfolio, which provides protection across multiple channels and geographies, including security and performance management, identity protection, and online privacy.

10. Defendant is headquartered in Tempe, Arizona.

**Factual Allegations**

11. Over the past four years, Defendant has placed a number of calls to telephone number (928)-XXX-2200.

12. From approximately late 2019 to the present, Plaintiff has been the sole and customary user of telephone number (928)-XXX-2200.

13. From at least 2020 through the present, telephone number (928)-XXX-2200 has been assigned to a cellular telephone service.

14. In connection with its calls to telephone number (928)-XXX-2200, Defendant used an artificial or prerecorded voice.

15. Defendant placed or caused to be placed its telephone calls and left or caused to be left artificial or prerecorded voice messages to telephone number (928)-XXX-2200 intending to reach someone other than Plaintiff.

16. For example, on December 17, 2024, Defendant placed a call to telephone number (928)-XXX-2200.

17. Defendant placed its December 17, 2024 call to telephone number (928)-XXX-2200 from telephone number (800) 543-3562.

18. Telephone number (800) 543-3562 is associated with Defendant's LifeLock brand.

19. In connection with its December 17, 2024 call to telephone number (928)-XXX-2200, Defendant delivered an artificial or prerecorded voice message.

20. The artificial or prerecorded voice message Defendant delivered to telephone number (928)-XXX-2200 on December 17, 2024 referenced LifeLock.

21. The artificial or prerecorded voice message Defendant delivered to telephone number (928)-XXX-2200 on December 17, 2024 referenced a person named "Alyssa Lindstrom."

22. The tone and speech pattern of this December 17, 2024 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

23. Plaintiff received and listened to the December 17, 2024 artificial or prerecorded voice message Defendant delivered to her cellular telephone number.

24. Over the past four years, Plaintiff has received additional calls from Defendant to her cellular telephone number, including on September 6, 2024 and August 31, 2024.

25. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (928)-XXX-2200.

26. Plaintiff is not Alyssa Lindstrom.

27. Plaintiff does not know Alyssa Lindstrom.

28. Plaintiff has never spoken with Alyssa Lindstrom.

29. Plaintiff has never given Alyssa Lindstrom permission to use her cellular telephone number.

30. Alyssa Lindstrom does not have authority to provide consent for others to place calls to Plaintiff's cellular telephone number.

31. Plaintiff spoke with Defendant on more than one occasion and explained that Defendant was calling the wrong telephone number.

32. Defendant's representatives informed Plaintiff that they could not assist with getting the calls to stop because Plaintiff is not the accountholder and therefore is not authorized to make any changes on the account.

33. Plaintiff does not have a LifeLock account.

34. Plaintiff has never had a LifeLock account.

35. Plaintiff has never had an account with Defendant.

36. Upon information and belief, Defendant's records will identify each call it placed, or caused to be placed, to Plaintiff's cellular telephone number.

37. Upon information and belief, Defendant's records will identify each artificial or prerecorded voice message Defendant delivered, or attempted to deliver, to Plaintiff's cellular telephone number.

38. Defendant placed its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number for non-emergency purposes.

39. Defendant placed its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number voluntarily.

40. Defendant placed its calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice under its own free will.

41. Defendant had knowledge that it was placing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number.

42. Defendant intended to use an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

4

43. Plaintiff did not give prior express consent for Defendant to place calls to her cellular telephone number by using an artificial or prerecorded voice.

44. Plaintiff suffered actual harm as a result of Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

## Class Action Allegations

45. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following class:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

46. The class is so numerous that joinder of all members is impracticable.

47. The class is defined by reference to objective criteria.

48. In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members themselves.

49. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

50. Plaintiff and members of the class received calls made using an artificial or prerecorded voice, from Defendant, on their cellular telephones.

51. Plaintiff and members of the class received calls made using an artificial or prerecorded voice, from Defendant, on their cellular telephones, even though they are not accountholders of Defendant.

52. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

5

53. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

55. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

56. There will be little difficulty in the management of this action as a class action.

57. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

58. Among the issues of law and fact common to the class are:
   a. Defendant's alleged violations of the TCPA;
   b. Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;
   c. Liability for calls to wrong or reassigned cellular telephone numbers;
   d. Defendant's practice of calling wrong or reassigned cellular telephone numbers; and
   e. the availability of statutory damages.

59. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

61. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number, without consent.

62.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

63.     Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

Dated: February 18, 2025          Respectfully submitted,

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
(*to seek admission pro hac vice*)

7