IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michelle Jackson, *on behalf of herself and others similarly situated*,

                      Plaintiff,

        vs.

Gen Digital Inc.,

                 Defendant.

No.: 2:25-cv-00535-MTL

**DECLARATION OF MICHAEL L. GREENWALD IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Michael L. Greenwald.

2. I am over twenty-one years of age.

3. I am fully competent to make the statements contained in this declaration.

4. I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR").

5. I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

6. I am co-counsel for Plaintiff Michelle Jackson and the Settlement Class in this action.

7. GDR, which focuses on consumer protection class action litigation, has attorneys in Boca Raton, Florida and Austin, Texas.

8. I am admitted to practice before this Court *pro hac vice*.

9. I submit this declaration in support of Plaintiff's unopposed motion for preliminary approval of class action settlement.

**GDR's Experience**

10. GDR's attorneys have extensive experience litigating consumer protection class actions, including class actions under the Telephone Consumer Protection Act ("TCPA").

1

11.    As court-appointed class counsel in TCPA class actions, GDR has helped to recover more than $200 million for consumers, including in the following cases:

- *Patterson v. OptumRx, Inc.*, No. 1:24-cv-00689-TWP-KMB (S.D. Ind.);

- *Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC (D. Or.);

- *Johnson v. United Healthcare Servs., Inc.*, No. 5:23-cv-522-GAP-PRL (M.D. Fla.);

- *Daugherty v. Credit Bureau Servs. Ass'n*, No. 4:23-cv-01728 (S.D. Tex.);

- *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR (S.D. Ga.);

- *Head v. Citibank, N.A.*, No. 3:18-cv-08189-ROS (D. Ariz.) (Silver, J.);

- *Smith v. Assurance IQ, LLC*, No. 2023-CH-092252 (Cook County, Ill.);

- *Fralish v. Ceteris Portfolio Servs., LLC*, No. 3:22-CV-176-DRL-MGG (N.D. Ind.);

- *Jackson v. Discover Fin. Servs. Inc.*, No. 1:21-cv-04529 (N.D. Ill.);

- *Lucas v. Synchrony Bank*, No. 4:21-cv-00070-PPS (N.D. Ind.);

- *Wesley v. Snap Fin. LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah);

- *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR (E.D. Mo.);

- *Davis v. Mindshare Ventures LLC*, No. 4:19-cv-1961 (S.D. Tex.);

- *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.);

- *Neal v. Wal-Mart Stores, Inc. & Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.);

- *Jewell v. HSN, Inc.*, No. 3:19-cv-00247-jdp (W.D. Wis.);

- *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz.) (Logan, J.);

- *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.);

- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);

- *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);

- *Johnson v. NPAS Sols., LLC*, No. 9:17-cv-80393 (S.D. Fla.) (on appeal);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Johnson v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure & Heard v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM (D. Ariz.) (McNamee, J.).

12.     In addition, GDR has been appointed class counsel in dozens of class actions brought under consumer protection statutes other than the TCPA, including:

- *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN (E.D. Va.);

- *Danger v. Nextep Funding, LLC*, No. 0:18-cv-00567-SRN-LIB (D. Minn.);

- *Spencer v. #1 A LifeSafer of Ariz. LLC*, No. 18-02225-PHX-BSB (D. Ariz.) (Bade, J.);

- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);

- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);

- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.);

- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.); and

- *Gonzalez v. Germaine Law Office PLC*, No. 2:15-cv-01427-PHX-ROS (D. Ariz.) (Silver, J.).

13.    Multiple district courts have commented on GDR's wealth of knowledge and experience in connection with class action litigation.

14.    In *Head v. Citibank, N.A.*, Judge Silver of this Court wrote:

> Moreover, the quality of Plaintiff's filings to this point, as well as the declarations submitted by the proposed class counsel, Michael Greenwald (Doc. 120-6) . . . persuade the Court that Head, Greenwald, and Wilson will continue to vigorously prosecute this action on behalf of the class.
>
> *    *    *
>
> Significantly, class counsel have provided a list of well over a dozen class actions Greenwald, Wilson, and their respective firms have each litigated, including several under the TCPA. (Doc. 120-6 at 5-6; Doc. 120-7 at 2-7). These showings demonstrate counsel's experience in handling class actions, complex litigation, and the types of claims asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

340 F.R.D. 145, 152 (D. Ariz. 2022).

15.    As well, in *Ritchie*, Judge Stephen P. McNamee of this Court stated upon granting final approval to the TCPA settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

16.    Other district courts likewise have commented on GDR's useful knowledge and experience in connection with class action litigation.

4

17. For instance, in preliminarily approving the class action settlement in *Chapman v. Bowman, Heintz, Boscia & Vician, P.C*, Judge Jon E. DeGuilio of the Northern District of Indiana wrote:

> No doubt Michael L. Greenwald of Greenwald Davidson Radbil PLLC has put extensive work into reviewing and investigating the potential claims in this case, and he and his firm have experience in handling class action litigation. Additionally, Mr. Greenwald has demonstrated his knowledge of the FDCPA and he has so far committed the resources necessary to representing the class and administrating the proposed settlement. The Court believes that Mr. Greenwald will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), it is **ORDERED** that Michael Greenwald of Greenwald Davidson Radbil PLLC is appointed Class Counsel.

No. 2:15-cv-120 JD, 2015 WL 9478548, at *6 (N.D. Ind. Dec. 29, 2016).

18. In *Schwyhart*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

19. Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—"is to be commended for his work" for the class, "was professional at all times" ..., and used his "excellent negotiation skills" to achieve a settlement fund greater than that required by the law.

> The undersigned concurs ... Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

20.     As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016).

21.     In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

22.     Similarly, in *Cooper v. InvestiNet, LLC*, Chief Judge Tanya Walton Pratt of the Southern District of Indiana wrote:

> GDR is an experienced firm that has successfully litigated many complex consumer class actions, including under the FDCPA. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

No. 1:21-cv-01562-TWP-DML, 2022 WL 1125394 (S.D. Ind. April 14, 2022).

23.     In appointing GDR as class counsel in a TCPA matter earlier this year, Judge Gregory A. Presnell of the Middle District of Florida wrote:

> As well, Plaintiff retained GDR, a firm competent in class action litigation, including under the TCPA. The Court finds that GDR has and will continue to vigorously protect the interests of members of the proposed class. As such, Plaintiff and GDR will fairly and adequately protect the interests of the members of the class.

*Johnson v. United Healthcare Servs., Inc.*, No. 5:23-cv-522-GAP-PRL, 2025 WL 444348, at *2 (M.D. Fla. Feb. 10, 2025).

6

24.     Even more recently, in *Cornelius*, Chief Judge R. Stan Baker of the Southern District of Georgia wrote:

> The Court further finds that Class Counsel—Michael L. Greenwald of Greenwald Davidson Radbil PLLC . . . .—have zealously represented the interests of the Settlement Class. Because of Class Counsel's considerable efforts, Settlement Class Members will receive meaningful payments well in excess of most approved TCPA class action settlements.

*Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR, 2025 WL 502089, at *3 (S.D. Ga. Feb. 13, 2025).

25.     And most recently, Judge Michael J. McShane of the District of Oregon wrote in appointing GDR as class counsel in a TCPA class action:

> Furthermore, Plaintiff retained counsel experienced and competent in class action litigation, including that under the TCPA. Indeed, courts have not only appointed GDR as class counsel in dozens of consumer protection class actions in the past few years alone, but many have also taken care to highlight the firm's wealth of experience and skill[.]

*Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC, 2025 WL 273170, at *3 (D. Or. Sept. 23, 2025).

26.     Additional information about GDR is available at www.gdrlawfirm.com.

**Michael L. Greenwald**

27.     Prior to forming GDR in 2012, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—one of the nation's largest plaintiff's class action firms.

28.     My practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation.

29.     While at Robbins Geller, I served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank*

7

1  *Clothiers, Inc*. (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

2      30.    I started my career as an attorney in the Fort Lauderdale, Florida office of

3  Holland & Knight LLP.

4      31.    Other GDR attorneys also contributed to the successful prosecution of this

5  case, including partners Aaron D. Radbil, James L. Davidson, and Jesse S. Johnson.

6  **Aaron D. Radbil**

7      32.    Mr. Radbil graduated from the University of Arizona in 2002 and from the

8  University of Miami School of Law in 2006.

9      33.    Mr. Radbil has extensive experience litigating consumer protection class

10  actions, including those under the TCPA.

11      34.    In addition to his experience litigating consumer protection class actions,

12  Mr. Radbil has briefed, argued, and prevailed on a variety of issues of significant consumer

13  interest before federal courts of appeals.

14  **James L. Davidson**

15      35.    Mr. Davidson graduated from the University of Florida in 2000 and the

16  University of Florida Fredric G. Levin College of Law in 2003.

17      36.    Mr. Davidson is admitted to practice before this Court *pro hac vice.*

18      37.    He has been appointed class counsel in a host of consumer protection class

19  actions.

20      38.    Prior to forming GDR, Mr. Davidson spent five years as a litigator at

21  Robbins Geller, where he focused on complex class actions, including securities and

22  consumer protection litigation.

23  **Jesse S. Johnson**

24      39.    Mr. Johnson earned his Bachelor of Science degree in Business

25  Administration from the University of Florida, where he graduated magna cum laude in

26  2005.

27      40.    He earned his Juris Doctor degree with honors from the University of Florida

28  Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business

Administration from the University of Florida Hough Graduate School of Business the same year.

41.     While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions.

42.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

**GDR's Willingness and Ability to Protect Settlement Class Members**

43.     GDR has, and will continue to, vigorously protect the interests of members of the proposed settlement class.

44.     GDR has advanced all costs necessary to prosecute this action.

45.     GDR has devoted a considerable number of hours to this case over nearly a year and will continue to devote all necessary time to this case as it proceeds through the settlement approval process.

46.     GDR has no known conflicts with the proposed settlement class.

**The Settlement**

47.     The settlement requires Gen Digital Inc. ("Gen") to create a non-reversionary common fund of $9,950,000.00, which will be invested in FDIC-insured, interest-bearing accounts pending the settlement approval process.

48.     It is expected that the settlement fund will exceed $10 million when the time comes to distribute payments.

49.     The Settlement Class is defined as:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a

LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

50.     Participating Settlement Class Members will receive an equal share of the fund after deducting attorneys' fees, costs, and expenses as awarded by the Court, notice and administration costs, and a service award to Ms. Jackson ($15,000), subject to Court approval.

51.     There is no clear-sailing provision with respect to attorneys' fees, costs, or expenses. As a result, Gen may object to these amounts if it chooses to do so.

52.     The settlement fund is all cash, with no coupon or voucher component.

53.     No settlement funds will revert to Gen.

54.     In addition, Gen will institute meaningful prospective changes to its calling practices to help ensure that it does not place calls with an artificial or prerecorded voice to persons who are not its customers or accountholders. To that end, Gen will utilize the Federal Communications Commission's Reassigned Numbers Database and will not place calls with an artificial or prerecorded voice to telephone numbers that are permanently disconnected and made available for reassignment after Gen obtained consent to call the telephone number.

55.     The parties expect to send direct mail notice to more than 300,000 potential Settlement Class Members. The expected number of *bona fide* class members is much fewer.

56.     The parties reached this settlement after nearly a year of litigation that included written discovery, Gen's document production, a deposition, and numerous meet-and-confer conferences aimed at identifying potential class members.

57.     Moreover, the parties reached this settlement only after attending mediation with the Hon. Diane M. Welsh (Ret.) of JAMS.

58.     Given the tremendous recovery for the class, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable,

10

and adequate, and that this Court should preliminarily approve it and order the issuance of class notice.

      59.    Attached is a true and correct copy of the settlement agreement and its exhibits:

        <u>Exhibit 1</u>: Postcard Notice with Detachable Claim Form and Long-Form, Question-and-Answer Notice

        <u>Exhibit 2</u>: [Proposed] Order of Preliminary Approval

        <u>Exhibit 3</u>: [Proposed] Final Order and Judgement

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 19, 2025.      By: <u>*s/ Michael L. Greenwald*</u>
                                  Michael L. Greenwald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*, | ) ) ) | No.: 2:25-cv-00535-MTL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Gen Digital Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Michelle Jackson ("Plaintiff") and Gen Digital Inc. ("Defendant") enter into this arm's-length class action settlement agreement ("Agreement").

1. **Recitals:**

   1.1.  On February 18, 2025, Plaintiff filed a class action complaint against Defendant, styled *Michelle Jackson v. Gen Digital Inc.*, No. 2:25-cv-00535-MTL (D. Ariz.), through which Plaintiff alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ("Lawsuit").

   1.2.  Defendant vigorously denies any wrongdoing or liability related to the allegations included in the Lawsuit and denies any improper conduct or violation of the TCPA. Defendant desires to settle this Lawsuit on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

   1.3.  On November 21, 2025, the parties attended mediation before the Hon. Diane M. Welsh (Ret.).

   1.4.  As a result of the mediation and extensive, good faith and arm's length negotiations, Plaintiff and Defendant now intend to settle and finally resolve all claims Plaintiff asserts through the Lawsuit.

   1.5.  Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and her counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation

1

is not in the best interest of herself and the members of the settlement class that is the subject of this Agreement.

1.6.   Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant believes it is in its best interest to enter into the settlement memorialized by this Agreement to finally resolve all claims asserted in the Lawsuit.

1.7.   Plaintiff and her counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

1.8.   Plaintiff and Defendant agree to undertake all steps necessary to secure court approval of the settlement memorialized by this Agreement.

1.9.   The settlement memorialized by this Agreement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims she asserts through the Lawsuit.

1.10.  The settlement memorialized by this Agreement is not to be construed as an admission or concession by Defendant regarding liability or wrongdoing, and Defendant denies any liability, denies that it violated the TCPA, and denies any other wrongdoing.

## 2.   Definitions:

2.1.   "Approved Claim Form" means a claim form that a Settlement Class Member (defined below) timely submits, and that the Claims Administrator (defined below) approves for payment.

2.2.   "Claims Administrator," subject to the Court's (defined below) approval, means Kroll Settlement Administration LLC.

2.3.   "Claim Form" means the form that Settlement Class Members must submit to obtain a monetary recovery in connection with the Settlement (defined below).

2.4.   "Class Counsel" means Greenwald Davidson Radbil PLLC and Paronich Law, P.C.

2.5.   "Class Notice" means the notice that the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes a postcard notice with detachable claim form, and a question-and-answer notice to appear on the dedicated settlement website.

2.6.    "Court" means the United States District Court for the District of Arizona.

2.7.    "Final Fairness Hearing" means the hearing that the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

2.8.    "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to further review by any court.

2.9.    "Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

2.10.   "Order Preliminarily Approving the Settlement" means the order, in a form substantially similar to Exhibit 2 to this Agreement, preliminarily approving the Settlement and authorizing the dissemination of Class Notice.

2.11.   "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.12.   "Released Parties" means, collectively, Defendant and Defendant's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees.

2.13.   "Released Claims" means all claims to be released as set forth in Section 14 of this Agreement.

2.14.   "Releasors" means Plaintiff and every Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class.

2.15.   "Settlement" means the settlement memorialized by this Agreement.

2.16.   "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be

3

used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

2.17.  "Settlement Class Members" mean all members of the Settlement Class.

2.18.  "Settlement Class Period" means February 19, 2021 through and including October 30, 2025.

## 3. Jurisdiction:

3.1.  The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, expenses, and an incentive award, and to supervise the administration and distribution of proceeds associated with the Settlement.

## 4. Certification:

4.1.  Plaintiff and Defendant agree to certification of the Settlement Class for settlement purposes only.

4.2.  Plaintiff and Defendant estimate that the users of the telephone numbers identified in paragraph 4.3 may fall within the Settlement Class definition, and that the number of likely Settlement Class Members is far fewer than 359,000.

4.3.  Defendant will deliver to Class Counsel a list of unique telephone numbers to which Defendant placed at least one call regarding a LifeLock or Norton account during the Settlement Class Period in connection with which it may have used an artificial or prerecorded voice, and which, according to the Federal Communications Commission's Reassigned Numbers Database ("RND"), was permanently disconnected and made available for reassignment during the Settlement Class Period.

4.4.  The Settlement is contingent on there being no more than 359,789 unique telephone numbers to which Defendant delivered an artificial or prerecorded voice message regarding a LifeLock or Norton account during the Settlement Class Period and where the telephone number was reported as permanently disconnected on the RND.

4.5.  Defendant denies that a litigation class could be properly certified. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the

4

Settlement Class defined in Paragraph 2.16, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).

**5. Preliminary Approval:**

5.1.    Plaintiff will file a motion to preliminarily approve the Settlement, which Defendant will not oppose. Prior to filing, Plaintiff will provide Defendant with a draft of the same for review and comment. Plaintiff agrees not to file the preliminary approval motion until Defendant has the opportunity to review and comment on the same.

5.2.    Through her motion to preliminarily approve the Settlement, Plaintiff will request that the Court:

A.    Preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiff as the representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

B.    Preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

C.    Approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

D.    Set the date and time for the Final Fairness Hearing; and

E.    Set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

5.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

**6. Class Action Fairness Act Notice:**

6.1.    The Claims Administrator will be responsible for directing notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Such notice will be served within ten (10) days after Plaintiff files her unopposed motion to preliminarily approve the Settlement.

6.2.    The Claims Administrator will provide Class Counsel and counsel for Defendant with a copy of the CAFA notice no later than two (2) days after it is served.

**7. Notice to Members of the Settlement Class:**

7.1. The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2. The Claims Administrator's responsibilities will include, but will not be limited to:

A. Disseminating notice to potential Settlement Class Members;

B. Identifying, from a listing of certain telephone numbers Plaintiff and Defendant provide to it for notice purposes, those that are assigned to a cellular telephone service;

C. Identifying, from a list of certain telephone numbers Plaintiff and Defendant provide to it for notice purposes, the names and addresses of Settlement Class Members;

D. Sending direct mail notice by postcard, with the Claim Form, to potential Settlement Class Members, where possible;

E. Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

F. Fielding inquiries about the Settlement;

G. Processing settlement claims;

H. Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

I. Approving settlement claims, and rejecting settlement claims where there is incomplete information and/or evidence of fraud;

J. Directing the mailing of settlement payments to Settlement Class Members;

K. Performing any other tasks reasonably required of it; and

L. Directing notice under CAFA, as described in Section 6.

7.3.   The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

    A.  The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

    B.  The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

    C.  The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

    D.  The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4.   The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.   Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will mail the Class Notice and a Claim Form to potential Settlement Class Members, where possible.

7.6.   The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7.   If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8.   Subject to Section 7.9 of this Agreement, Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the Settlement Fund (defined below) is established and funded.

7.9.   Defendant will be entitled to an offset from the Settlement Fund once it is established and funded for any payments Defendant makes to the Claims Administrator prior to the date on which the Settlement Fund is established and funded.

7.10.  The Claims Administrator shall make all returned and completed Claim Forms available to Defendant's Counsel and Class Counsel for review and shall provide an Excel spreadsheet to Defendant's Counsel and Class Counsel of all returned

and completed Claim Forms containing the name and address of each claimant. If either party believes that a Claim Form is false or fraudulent, including that it was filed by an individual who was an accountholder of Defendant at the time that Defendant placed artificial or prerecorded voice calls to the individual, the parties shall be permitted, but not required, to notify the Claims Administrator and each other and to provide proof of such status. If the Claims Administrator determines that any individual who returned a Claim Form was an accountholder of Defendant at the time that Defendant placed any and/or all artificial or prerecorded voice calls to the individual, the Claims Administrator shall reject that individual's Claim Form.

7.11.   The parties will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for preliminary approval with the Court, with the exception of potential claims administrators. The parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel may communicate with any Settlement Class Member regarding the Lawsuit or the Settlement for the purposes of answering questions regarding the Settlement and the process for effectuating the same.

7.12.   An individual to whom the Claims Administrator does not provide a Claim Form as part of the process by which the Claims Administrator mails the Class Notice and a Claim Form to potential Settlement Class Members may request a Claim Form from the Claims Administrator if that person is able to provide evidence of receipt on his or her cellular telephone of an artificial or prerecorded voice call or message from Defendant during the Settlement Class Period. Upon receipt of such evidence, the Claims Administrator will send a Claim Form to the individual who requests it.

7.13.   If approved payments to Settlement Class Members exceed the applicable IRS reporting requirements, Settlement Class Members must provide a valid Form W-9 to receive their payment. The Settlement Administrator will request such tax forms from Settlement Class Members with approved claims, if necessary.

## 8. Publication of Class Notice:

8.1.    Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will arrange for publication of the Class Notice on the settlement website.

## 9. Settlement Website:

9.1.    The Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to submit claims. The settlement website will be live not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court.

9.2.    At a minimum, the downloadable information and documents on the settlement website must include, when available, this Agreement, the Class Notice, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's class action complaint, Defendant's answer and defenses, and the Final Order and Judgment.

9.3.    The Settlement Website domain will be www.JacksonIVRsettlement.com.

## 10. Final Approval:

10.1.    At least ten (10) days prior to the Final Fairness Hearing, the Claims Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and stating the number of claims, objections, and exclusions, if any.

10.2.    At least thirty (30) days prior to the Final Fairness Hearing, Plaintiff will file a motion to finally approve the Settlement and will provide Defendant with a draft of the same for review and comment.

10.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

## 11. Consideration:

11.1.    Defendant will deposit with the Claims Administrator $9,950,000.00 (less any amounts paid to the Claims Administrator per Sections 7.8 and 7.9) for purposes of creating a non-reversionary common fund to compensate members of the Settlement Class, pay attorneys' fees to Class Counsel, Class Counsel's costs and litigation expenses, and the incentive award to Plaintiff ("Settlement Fund").

11.2.    In consultation with the Claims Administrator, Defendant will fund the Settlement Fund within 30 days of the Preliminary Approval Date.

11.3.    The Claims Administrator will place the Settlement Fund at Western Alliance Bank in an interest bearing account, which is 100% backed by the FDIC (the "Account"), created by order of the Court, and intended to be a separate taxable entity and qualify as a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Department Regulations ("Treasury

Regulations") promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). Defendant will be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Claims Administrator will be designated as the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Claims Administrator will timely provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The parties agree to the tax treatment of the QSF as set forth in Section 21. All risks related to the investment of the Settlement Fund will be borne by the Settlement Fund. Defendant will have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Claim Administrator, or any transactions executed by the Claims Administrator. Defendant will not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Claims Administrator.

11.4.  Paid from the Settlement Fund will be:

    A.  Compensation to Settlement Class Members who timely submit an Approved Claim Form;

    B.  The cost of notice to potential Settlement Class Members and claims administration, including costs associated with identifying potential Settlement Class Members, and any reasonable costs associated with administering the Settlement Fund, including costs of tax attorneys or accountants;

    C.  Litigation costs and expenses, for which Class Counsel will petition the Court;

    D.  Reasonable attorneys' fees, calculated as a percentage of the Settlement Fund, for which Class Counsel will petition the Court; and

E. An incentive award to Plaintiff, for which Plaintiff will petition the Court.

11.5.    Each Settlement Class Member who submits an Approved Claim Form either online no later than seventy-five (75) days after the Preliminary Approval Date, or by U.S. Mail with a postmark of no later than seventy-five (75) days after the Preliminary Approval Date, which provides his or her name, address, and the cellular telephone number on which the Settlement Class Member received artificial or prerecorded voice calls from Defendant, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund after deducting:

A. Costs and expenses of administrating the Settlement, including notice to potential Settlement Class Members;

B. Class Counsel's attorneys' fees, subject to the Court's approval;

C. Class Counsel's litigation costs and expenses not to exceed $20,000, subject to the Court's approval; and

D. Plaintiff's incentive award, not to exceed $15,000, subject to the Court's approval.

11.6.    A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, or how many artificial or prerecorded voice messages Defendant delivered to the Settlement Class Member.

11.7.    Each settlement payment issued to a Settlement Class Member will be valid for one-hundred-twenty (120) days after it is issued.

11.8.    Any funds not ultimately paid out as the result of uncashed settlement checks will be paid out as a *cy pres* award to National Consumer Law Center, subject to the Court's approval.

11.9.    <u>Non-monetary consideration</u>: In addition to the foregoing, as a result of this Lawsuit and Settlement, Defendant will utilize the RND on a go-forward basis and will not place calls with an artificial or prerecorded voice to telephone numbers the RND shows were permanently disconnected and made available for reassignment after the date of consent or last known contact reflected in Defendant's records.

## 12. Exclusions:

12.1. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion personally signed by the Settlement Class Member to the Claims Administrator, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

12.2. Through his or her request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include his or her:

    A.  Full name;

    B.  Address;

    C.  Cellular telephone number called by Defendant using an artificial or prerecorded voice;

    D.  Statement attesting to the fact that when he/she received a call using an artificial or prerecorded voice that he/she was not a LifeLock customer; and

    E.  Statement that he or she wishes to be excluded from the Settlement.

No request for exclusion will be valid unless all of the information described above is included.

12.3. Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement. Every Settlement Class Member who does not timely and properly submit a written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit. The satisfaction of all the Released Claims against Defendant, as well as entry of the Final Order and Judgment, will be binding upon all Settlement Class Members who do not exclude themselves.

12.4. The Claims Administrator will provide a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten (10) days after the deadline for exclusions.

12.5. Settlement Class Members may exclude themselves on an individual basis only.

12.6.  "Mass" or "class" exclusions submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed and will not be considered valid.

## 13. Objections:

13.1.  Any Settlement Class Member who wishes to object to the Settlement must mail a written notice of objection to the Claims Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

13.2.  Through his or her notice of objection, and subject to the Court's approval, a Settlement Class Member must include:

  A.  His or her full name;

  B.  His or her address;

  C.  Documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number to which Defendant placed a subject artificial or prerecorded voice call during the Settlement Class Period;

  D.  A statement of the specific objection(s);

  E.  A description of the facts underlying the objection, including any documents the objector desires the Court to consider;

  F.  A description of the legal authorities that support each objection;

  G.  A statement noting whether the objector intends to appear at the Final Fairness Hearing; and

  H.  A signature from the Settlement Class Member.

13.3.  Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4.  If a Settlement Class Member submits both an objection and an exclusion, he or she will be considered to have submitted an exclusion (and not an objection).

13.5.    Any Settlement Class Member who fails to comply with the provisions of Section 13 will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object and will be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Lawsuit.

13.6.    Class Counsel and the parties will have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Fairness Hearing. The party responding must file a copy of the response with the Court.

## 14. Release:

14.1.    As of the Effective Date, Plaintiff and Settlement Class Members provide the following releases:

Plaintiff and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns will be deemed to have fully released and forever discharged the Released Parties from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Order and Judgment, that arise out of the use by Defendant of an artificial or prerecorded voice (to the fullest extent that term is used, defined or interpreted by the TCPA, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law), from February 19, 2021 through and including October 30, 2025, to call a cellular telephone number of a Settlement Class Member where the recipient of the call was not a customer or accountholder of Defendant, including, but not limited to, claims under or for violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of an artificial or prerecorded voice in connection with outbound calls (the "Released Claims").

14.2.    Plaintiff and Releasors agree and covenant, and each Releasor will be deemed to have agreed and covenanted, not to sue the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

14.3.   The Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasors expressly assume the risk, they freely and voluntarily give the release as set forth herein.

## 15. Exclusive Remedy:

15.1.   The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

## 16. Attorneys' Fees, Costs, Expenses, and Incentive Award:

16.1.   Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund.

16.2.   Class Counsel will submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $20,000 to be paid from the Settlement Fund.

16.3.   Plaintiff will submit to the Court a request for an incentive award not to exceed $15,000 to be paid from the Settlement Fund.

16.4.   The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for an incentive award, will not affect the finality of the Settlement.

16.5.   In the event that the Court declines Class Counsel's request for attorneys' fees, costs, and expenses, or Plaintiff's request for an incentive award, or awards less than the amounts sought, the Settlement will nonetheless continue to be effective and enforceable by the parties.

## 17. No Admission of Liability:

17.1.   This Agreement and all related communications are for settlement purposes only and will not be construed or deemed to be evidence of an admission or concession by the Released Parties with respect to any claim, fault, liability, wrongdoing, or damage whatsoever and will not be construed or deemed to be evidence of any admission of any claim, fault, liability, wrongdoing, or damage or that any person or entity is entitled to relief. Defendant expressly denies all charges of wrongdoing or liability against Defendant arising out of any of the

conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lawsuit, and Defendant continues to believe the claims asserted against Defendant in the Lawsuit are without merit. Nothing in this Settlement Agreement will be construed as an admission by Defendant in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendant has engaged in any conduct or practices that violate any federal statute or other law.

## 18. Representations and Warranty:

18.1.   Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

18.2.   Plaintiff warrants that on the date this Agreement is executed, she owns the claims that she asserts in connection with this matter, and that she has not assigned, pledged, sold or otherwise transferred her claims (or an interest in such claims), and that on the Finality Date she will own her claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever.

18.3.   Each party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the releases, and the legal effects of this Agreement and the releases, and fully understands the effect of this Agreement and the releases. Each party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

## 19. Appeals:

19.1.   If a Settlement Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support the Settlement on appeal.

19.2.   Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel from appealing any order inconsistent with this Agreement.

## 20. Distribution of the Settlement Fund:

20.1.  Within thirty (30) days of the Finality Date, or within such additional time as is necessary to ensure compliance with IRS regulations, the Claims Administrator will mail or otherwise distribute a settlement payment to each Settlement Class Member who submitted an Approved Claim Form.

20.2.  Within five (5) days of the Finality Date, the Claims Administrator will pay to Plaintiff from the Settlement Fund the incentive award approved by the Court.

20.3.  Within five (5) days of the Court's entry of Final Order and Judgment, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

20.4.  If any money remains in the non-reversionary Settlement Fund after the date that all initial settlement payments are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), and if the amount that remains is sufficient to issue second payments of at least $25.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement payment, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

20.5.  If any money remains in the Settlement Fund after the date that all settlement payments (*i.e.*, initial settlement checks, and if applicable, second settlement checks) are voided due to non-deposit (*i.e.*, checks that Settlement Class Members do not cash), this amount will be paid as a *cy pres* award to Public Counsel subject to the Court's approval.

## 21. Taxes:

21.1.  Plaintiff and Defendant agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a QSF within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under the Code. It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2.   For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the Settlement Fund.

21.3.   All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a QSF for federal or state income tax purposes, will be paid by the Claims Administrator from the Settlement Fund.

21.4.   Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the Settlement Fund.

21.5.   In no event will Defendant have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. All such taxes and tax-related expenses will be paid out of the Settlement Fund.

21.6.   Defendant will timely deliver to the Claims Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

21.7.   The Claims Administrator will engage in reporting to the Internal Revenue Service and such other state and local taxing authorities as may be required by law. The parties acknowledge that the Claims Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder. In addition, the Claims Administrator will be obligated to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Claims Administrator,

each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

21.8.  Defendant makes no representation to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

21.9.  The parties agree that payments made to the Settlement Fund are compensatory only and not payments made to satisfy any fines, penalties, punitive damages, or prejudgment interest nor are such payments "to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law" within the meaning of Section 162(f) of the Code.

## 22. Stay:

22.1.  Plaintiff and Defendant stipulate that all proceedings in connection with this matter other than those taken to approve the Settlement and effectuate class notice and the submission of claims should be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2.  The stipulated stay of proceedings will not prevent the filing of any motions, declarations, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

## 23. Miscellaneous Provisions:

23.1.  This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

23.2.  Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3.  All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road

Suite 500
Boca Raton, Florida 33431
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the Settlement Class*

Artin Betpera
Buchalter, a Professional Corporation
18400 Von Karman Avenue
Suite 800
Irvine, CA 92612
abetpera@buchalter.com

*Counsel for Defendant*

23.4.    Section headings in this Agreement are for convenience and reference only and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5.    Plaintiff and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6.    Plaintiff and Defendant drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7.    This Agreement binds successors and assigns of the parties.

23.8.    Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

23.9.    A waiver by one party of any provision or breach of this Agreement by any other party will not constitute a waiver of any other provision or breach of this Agreement.

23.10.    This Agreement is made and entered into within and will be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Arizona, without regard to the principles of conflicts of laws.

23.11.    This Court will retain continuing and exclusive jurisdiction over the parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

23.12.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of the parties and as approved by the Court, without notice to Settlement Class Members. The parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

## 24. Termination:

24.1.  If any of the conditions set forth below occurs and either (a) Plaintiff or (b) Defendant gives notice that such party or parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement will terminate and be null and void, and the parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into:

(a)  The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

(b)  Any objections to the proposed Settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing party deems in good faith to be material (*e.g.*, because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

(c)  More than 7,500 of the Settlement Class Members exclude themselves from the Settlement described in this Agreement, as set out in Section 12.

24.2.  Prior to termination, Plaintiff and Defendant must negotiate in good faith to modify the terms of this Agreement in an effort to revive the Settlement.

24.3.  If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered prior to the date of termination will not be refunded to Defendant.

24.4.  In the event that the Agreement is not approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement

Fund, less interest, expenses, and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, will be returned to Defendant within sixty (60) days of the event that causes the Agreement to not become effective.

**25. Survival:**

25.1.   The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

**26. Dismissal:**

26.1.   The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

**27. Signatures:**

[ON FOLLOWING PAGE]

Michelle Jackson                                Date

_____                _____
Michelle Jackson (Dec 17, 2025 13:22:31 CST)    Dec 17, 2025


Michael L. Greenwald                            Date
Counsel for Michelle Jackson and the Class

_____                _____
Michael Greenwald (Dec 17, 2025 14:19:56 EST)   Dec 17, 2025


Gen Digital Inc.                                Date

_____                _____


Artin Betpera                                   Date
Counsel for Gen Digital Inc.

_____                _____

Michelle Jackson                                          Date

_____                 _____

Michael L. Greenwald                                     Date
Counsel for Michelle Jackson and the Class

_____                 _____

Gen Digital Inc.                                         Date
Bryan Ko, COO

_____                 December 17, 2025

Artin Betpera                                            Date
Counsel for Gen Digital Inc.

_____                 _____
                                                         December 17, 2025

# EXHIBIT 1

**What is this lawsuit about?** Michelle Jackson filed a class action lawsuit against Gen Digital Inc. ("Gen"), alleging that Gen violated the Telephone Consumer Protection Act ("TCPA") by placing calls with an artificial or prerecorded voice regarding LifeLock and Norton accounts to cellular telephone numbers assigned to persons who do not have LifeLock or Norton accounts. Gen denies Ms. Jackson's allegations and denies it violated the TCPA. The Court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Gen's records indicated that you <u>may</u> be a member of the following settlement class: "All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025." If you are a LifeLock or Norton customer, you are not a member of the class, and this notice does not affect you.

**What does the settlement provide?** Gen will establish a settlement fund of $9.95 million. Out of the settlement fund will be paid: (1) settlement compensation to participating settlement class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel in litigating this matter not to exceed $20,000, subject to the Court's approval; (4) costs of notice and administration; and (5) a service award to Ms. Jackson not to exceed $15,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $200 and $625, depending on the number of settlement class members who participate.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.LifeLockTCPAsettlement.com, by [date], 2026, in which case you will receive a proportionate share of the settlement fund after deducting the fees, costs, expenses, and award listed above, and will release certain claims you may have against Gen. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain claims you may have against Gen. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claims you may have against Gen. Or fourth, you may object to the settlement. To obtain additional information about your legal rights and options, visit www.JacksonIVRsettlement.com, or contact the settlement administrator by writing to Jackson v. Gen Digital Inc. Settlement Administrator, [address].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2026, at [time]. The hearing will take place via Zoom. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

**Front Outside**

This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.

If you received an artificial or prerecorded voice call to your cell phone from Gen Digital Inc. regarding a LifeLock or Norton account between February 19, 2021 and October 30, 2025, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Jackson v. Gen Digital Inc.*, No. 2:25-cv-00535-MTL (D. Ariz.)

A federal court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**Jackson v. Gen Digital Inc.**
c/o Kroll Settlement Administration
[Address]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**Michelle Jackson v. Gen Digital Inc.,**
**Case No. 2:25-cv-00535-MTL (D. Ariz.)**

**CLAIM FORM**

[admin] ID: «[Admin] ID»                          Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

I affirm that I received one or more artificial or prerecorded voice calls from Gen Digital Inc. regarding a LifeLock or Norton account to my cellular telephone between February 19, 2021 and October 30, 2025. When I received those calls, I did not have a LifeLock or Norton account, and I wish to participate in this settlement.

**Bottom Inside**

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature: _____          Telephone number on which I received the call(s):

_____

Date of signature: _____

**To receive a payment, you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before [Month] [day], 2026.**
Or you may submit a claim through the settlement website, www.JacksonIVRsettlement.com.

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Claims Administrator, postmarked on or before [Month] [day], 2026.**
**Your request must include the information required by the Court's [month] [day], 2025 Order**
**which can be viewed at the settlement website.**

**Bottom Outside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Jackson v. Gen Digital Inc. Administrator**
**c/o Kroll Settlement Administration**
**[address]**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*, | ) ) ) | No.: 2:25-cv-00535-MTL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Gen Digital Inc., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## WEBSITE Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.**

**If you received an artificial or prerecorded voice call on your cellular telephone from Gen Digital Inc. ("Gen") between February 19, 2021 and October 30, 2025 regarding a LifeLock or Norton account and you did not have a LifeLock or Norton account, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Michelle Jackson v. Gen Digital Inc.*, No. 2:25-cv-00535-MTL (D. Ariz.)

**A federal court authorized this notice.
This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.
It explains your rights and options to participate in a class action settlement.**

1

### What are your legal rights and options?

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you are a class member and you submit a timely, valid claim form you will receive a proportionate share of the $9.95 million settlement fund after various expenses are deducted, and you will release claims you may have against Gen related to this case. It is estimated that each claimant will receive between $200 and $625, depending on the number of participating class members. |
| **DO NOTHING:** | If you are a class member and you do nothing, you will <u>not</u> receive a share of the settlement fund, but you will release claims you may have against Gen related to this case. |
| **EXCLUDE YOURSELF:** | If you are a class member and you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against Gen. |
| **OBJECT:** | If you are a class member, you may object to the settlement. |

### Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Michelle Jackson filed against Gen. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement payment, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Ms. Jackson filed a proposed class action lawsuit against Gen, alleging that it violated the Telephone Consumer Protection Act ("TCPA") by using an artificial or prerecorded voice in connection with calls it placed regarding LifeLock and Norton accounts to cellular telephone numbers of persons who are not its customers or accountholders. The TCPA provides for $500, and up to $1,500, in damages for violations. However, among other defenses, prior express consent is a complete defense to a TCPA claim. In addition, calls made for emergency purposes are not actionable under the TCPA.

2

Gen denies the allegations and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Ms. Jackson, on the one hand, and Gen, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with continued litigation, and to achieve a final resolution of disputed claims. Under the settlement, class members will obtain a payment to resolve the claims that Ms. Jackson raised in the lawsuit. Ms. Jackson and her attorneys think the settlement is in the best interest of all class members.

### How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account with LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

### What does the settlement provide?

Gen will establish a settlement fund in the amount of $9.95 million. Out of the settlement fund, Gen will pay:

    a.    Settlement compensation to the class members;

    b.    The costs and expenses of administrating the class action settlement;

    c.    An award of attorneys' fees, subject to the Court's approval;

    d.    Costs and expenses incurred litigating this matter, subject to the Court's approval; and

e.    A service award to Ms. Jackson, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting:

a.    Costs and expenses of administrating the class action settlement, estimated to be $315,400;

b.    Attorneys' fees in an amount not to exceed one-third of the settlement fund, subject to the Court's approval;

c.    Costs and litigation expenses not to exceed $20,000, subject to the Court's approval; and

d.    A service award for Ms. Jackson, not to exceed $15,000, subject to the Court's approval.

### How can you get a payment?

You must mail a valid claim form to the *Jackson v. Gen* Settlement Administrator, c/o Kroll Settlement Administration, [address], postmarked by **[date], 2026**. Or you must submit a valid claim through www.JacksonIVRsettlement.com by the same date.

If you did not receive a claim form in the mail but you believe you are a settlement class member, you must provide to the claims administrator evidence of having received from Gen one or more calls with an artificial or prerecorded voice regarding a LifeLock or Norton account during the settlement class period, and attest to the fact that you were not a customer of LifeLock or Norton when you received these calls. Upon the provision of such evidence, the claims administrator will then send a claim form for you to complete. More information can be found in the settlement agreement, which is available on the settlement website, www.JacksonIVRsettlement.com.

### When will you be paid?

If the Court grants final approval of the settlement, settlement payments will be sent to class members who submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final, unless additional time is necessary to comply with IRS regulations. If there is an appeal of the settlement, payment may be delayed by the appeal.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, and if you meet the class definition, you will be considered a member of the class, which means you give up your

right to sue or continue a lawsuit against Gen over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against Gen.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.JacksonIVRsettlement.com, or through Public Access to Court Electronic Records (PACER).

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator, at the addresses set forth below, postmarked by [**date**], **2026**. You must include in your request for exclusion:

    a.    Your full name;

    b.    Your address;

    c.    Your cellular telephone number, which was called by Gen using an artificial or prerecorded voice;

    d.    A statement attesting to the fact that when you received a call from Gen, you were not a LifeLock or Norton customer; and

    e.    A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Jackson v. Gen* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on [**date**], at [**time**]. The hearing will take place <mark>virtually</mark>. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. However, you cannot speak at the hearing if you have

excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

## What if you want to object to the settlement?

If you do not exclude yourself from the settlement, if you are a class member you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[date], 2026**, to Class Counsel, Gen's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendant's Counsel: | Court: |
|---|---|---|
| Michael L. Greenwald | Artin Betpera | U.S. District Court for the |
| Greenwald Davidson | Buchalter, a Professional | District of Arizona |
| Radbil PLLC | Corporation | Sandra Day O'Connor U.S. |
| 5550 Glades Rd., Suite | 18400 Von Karman Avenue | Courthouse |
| 500 | Suite 800 | 401 W. Washington Street |
| Boca Raton, FL 33431 | Irvine, CA 92612 | Phoenix, AZ 85003 |

You must include in your objection:

      a.     Your full name;

      b.     Your address;

      c.     Any documents establishing, or provide information sufficient to allow the Parties to confirm, that you are a Settlement Class Member, including providing the cellular telephone number to which Gen placed a call or calls with an artificial or prerecorded voice regarding a LifeLock or Norton account during the Settlement Class Period;

      d.     A statement of the specific objection(s);

      e.     A description of the facts underlying the objection, including any documents that you would like the Court to consider;

      f.     A description of the legal authorities that support each objection; and

      g.     A statement noting whether you intend to appear at the final fairness hearing and wish to be heard.

## By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2026**. To enter an appearance, you must file with the Clerk of the

Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Gen's attorneys, at the addresses set forth above.

## What if you do nothing?

If you are in the class, do nothing, and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against Gen related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a separate lawsuit against Gen over the released claims.

## What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits at this time, and the lawsuit will continue.

## Who are Ms. Jackson's attorneys?

Ms. Jackson's attorneys are:

> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431

> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043

The Court has appointed Ms. Jackson's attorneys to act as Class Counsel. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

## Who are Gen's attorneys?

Gen's attorneys are:

> Artin Betpera
> Buchalter, a Professional Corporation
> 18400 Von Karman Avenue
> Suite 800

Irvine, CA 92612

## Before what Court is this matter pending?

Ms. Jackson filed her class action lawsuit in the following Court:

United States District Court for the District of Arizona
Sandra D. O'Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003

## Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the District of Arizona. In addition, pertinent case materials, including the settlement agreement and other documents, are available at the settlement website, **www.LifeLockTCPAsettlement.com**.

If you would like additional information about this matter, please contact:

**Jackson v. Gen Settlement Administrator**
**c/o Kroll Settlement Administration**
**[Address]**

Please do not call the Judge or the Clerk of Court about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Gen nor Gen's attorneys represent you, and they cannot give you legal advice.

8

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michelle Jackson, *on behalf of herself and others similarly situated*,

    Plaintiff,

v.

Gen Digital Inc.,

    Defendant.

No. 2:25-cv-00535-MTL

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This Court is advised that the parties to this action, Michelle Jackson ("Plaintiff") and Gen Digital Inc. ("Defendant"), have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") under the Telephone Consumer Protection Act ("TCPA") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **[date]**, after notice to the settlement class members, to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Plaintiff, individually and as Class Representative on behalf of the settlement class, and Defendant (collectively, the "Parties") have negotiated a potential settlement of the Lawsuit to avoid the expense, uncertainties, and burden of protracted litigation.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d),

1453, and 1711-1715, Defendant will work with the claims administrator to serve written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Michael L. Greenwald of Greenwald Davidson Radbil PLLC ("GDR") and Anthony Paronich of Paronich Law, P.C. as class counsel for the settlement class.

This Court preliminarily finds, for settlement purposes only (and with no other effect upon the Lawsuit, including no effect upon the Lawsuit should the Agreement not receive final approval under Rule 23(e) of the Federal Rules of Civil Procedure), that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.      The settlement class is so numerous that joinder of all members is impracticable:

Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Generally, a class of greater than forty members is sufficient." *Russell v. Ray Klein, Inc.*, No. 1:19-CV-00001-MC, 2022 WL 1639560, at *2 (D. Or. May 24, 2022). "Judges within this district have repeatedly recognized that numerosity may be satisfied when general knowledge and common sense indicate that joinder would be impracticable, even where it is not possible to estimate a specific number of class members." *Head v. Citibank, N.A.*, 340 F.R.D. 145, 149 (D. Ariz. 2022) (Silver, J.) (internal quotations omitted).

Here, Plaintiff alleges that Defendant placed calls with an artificial or prerecorded voice to more than 300,000 telephone numbers that the Federal Communications Commission ("FCC") reported as being disconnected and made available for reassignment at some point during the class period. While not all of these telephone numbers are assigned to settlement class members, it stands to reason that a percentage is assigned to settlement class members.

The proposed settlement class, therefore, exceeds the forty-member threshold. *Id*. And joinder of all settlement class members is impracticable. *See Lavigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ/LF, 2018 WL 2694457, at *3-4 (D.N.M. June 5, 2018) (finding a proposed "wrong number" TCPA class satisfied numerosity where "Defendants' own call logs . . . identify 38,125 separate phone numbers (both landline and cell phone) that . . . were coded as 'Bad/Wrong Number,'" and explaining that "[e]ven if only a fraction of the approximately 38,125 are in fact class members, the numerosity requirement here is readily satisfied.");

B.    Common questions exist as to each settlement class member:

Rule 23(a)(2) requires the existence of common questions of law or fact. *See* Fed. R. Civ. P. 23(a)(2). Here, whether Defendant used an artificial or prerecorded voice in connection with the calls at issue is a question common to the settlement class. *See Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 242 (D. Ariz. 2019) (Logan. J.) ("Whether Defendant used a[] . . . prerecorded voice to allegedly call the putative class members would produce an answer that is central to the validity of each claim in one stroke."). Additionally, whether each member of the settlement class suffered the same alleged injury and is entitled to the same statutorily mandated relief gives rise to another common question. *See id*. ("[A]ll putative class members allegedly suffered the same injury—a receipt of at least one phone call by Defendant in violation of the TCPA. Thus, whether each class member suffered the same injury is also a 'common contention.' . . . Therefore, commonality is satisfied.").

What's more, whether liability attaches to "wrong number" calls is a question common to the settlement class. *See id*. (finding that "whether liability attaches for wrong

3

or reassigned numbers" would "produce an answer that is central to the validity of each claim in one stroke").

Questions of law and fact are therefore common to all members of the settlement class. *See Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 291-92 (D. Utah 2021) (finding "(1) whether Snap used a prerecorded voice in connection with the calls at issue; (2) whether the class members are entitled to the statutorily mandated relief; and (3) whether liability attaches to Snap's wrong number calls" as "common questions [that] will also provide common answers to legal and factual questions for all class members.");

C.    Plaintiff's claims are typical of the claims of the settlement class members:

"A proposed class representative's claims and defenses must also be typical of the class." *Head*, 340 F.R.D. at 151; *see also* Fed. R. Civ. P. 23(a)(3).

Here, Plaintiff and members of the settlement class allege to have been similarly harmed by receiving calls from Defendant with an artificial or prerecorded voice even though they are not customers or accountholders of Defendant. Plaintiff, therefore, possesses the same interests, and seeks the same relief, as do members of the proposed settlement class. Correspondingly, Plaintiff's claims are typical of the claims of members of the settlement class. *See Cortes v. Nat'l Credit Adjusters, L.L.C.*, No. 216CV00823MCEEFB, 2020 WL 3642373, at *5 (E.D. Cal. July 6, 2020) ("Here, Plaintiff asserts the same claims that could be brought by any of the other class members, specifically that Defendant used an . . . artificial or prerecorded voice message to make unsolicited calls regarding a purported debt. Therefore, the typicality requirement is satisfied.").

As well, that the subject calls Defendant allegedly placed to Plaintiff and settlement class members were wrong-number calls makes Plaintiff's claims typical. *See Knapper*, 329 F.R.D. at 242-43 ("The Court finds that the typicality requirement is met. Here, Plaintiff is a not a customer of Defendant and alleges that Defendant did not have consent to call her before it dialed her phone number. . . . She alleges that the putative class members were also wrongly contacted by Defendant. . . . Thus, the nature of Plaintiff's claim is reasonably coextensive with the putative class members.");

D.    Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members:

Adequacy requires that "the representative parties [] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two factors are relevant: (1) the presence of conflicts of interest between the class representatives, their counsel, and the remaining class; and (2) the likelihood that representatives and counsel will vigorously prosecute on behalf of the class." *Russell*, 2022 WL 1639560, at *3.

Here, Plaintiff is capable of protecting, has protected, and will continue to protect, the interests of settlement class members. From the outset, Plaintiff has been, and remains, involved in this matter. She has, and will continue to, communicate regularly with class counsel. And she has, and is prepared to, make all necessary decisions involving this case with settlement class members' best interests in mind.

Furthermore, Plaintiff retained counsel experienced and competent in class action litigation, including that under the TCPA. Indeed, courts have not only appointed class counsel as class counsel in dozens of consumer protection class actions in the past few years alone, but many have also taken care to highlight the firm's wealth of experience and skill. *See, e.g.*, *Head*, 340 F.R.D. at 152 (appointing GDR as class counsel);

E.    Questions common to settlement class members predominate over any questions affecting only individual members:

Rule 23(b)(3) requires "that questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3).

"[T]he predominant issue common to all class members is whether Defendant used an . . . artificial or prerecorded voice message to make unsolicited calls . . . in violation of the TCPA[,] [and] any individualized factual questions are predominated by the common question of Defendant's general TCPA liability." *Cortes*, 2020 WL 3642373, at *5.

In short, members of the settlement class are alleged to be unintended recipients of Defendant's alleged artificial or prerecorded voice calls.

5

F.     A class action is superior to other available methods for the fair and efficient adjudication of this matter:

Rule 23(b)(3) also requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether a class action is superior, a court may consider the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the difficulties likely to be encountered in the management of a class action. *Id*.

In general, litigating TCPA claims as part of a class action is superior to litigating them in successive individual lawsuits. *See Knapper*, 329 F.R.D. at 247 ("The Court is persuaded that putative class members who would ultimately become part of the class would have little incentive to prosecute their claims on their own. Should individual putative class members choose to file claims on their own, given the potential class size and the relatively small amount of statutory damages for each case, individual litigation would not promote efficiency or reduce litigation costs. . . . Therefore, the Court finds that a class action is a superior method to adjudicate this matter.").

As well, no single settlement class member has an interest in controlling the prosecution of this action. Simply, the claims of all members of the settlement class are identical, as they arise from the same alleged standardized conduct, and they result in uniform alleged damages calculated on an alleged per-violation basis. *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) ("This class action, which resolves the controversy more fairly and efficiently than a series of individual actions, satisfies Rule 23(b)(3)'s superiority requirement. Because the TCPA permits a maximum award of $500 absent a willful violation, each class member lacks a strong financial interest in controlling the prosecution of his action."); *see also Lavigne*, 2018 WL 2694457, at *8 ("Moreover, the complex

nature of this TCPA action lends itself to the efficiencies of class certification. It would [be] inefficient to reinvent [the] wheel on approximately 30,000 separate cases. Moreover, the courts would be substantially burdened by 30,000 separate suits—or even a fraction of that.").

A class action is therefore the superior method to adjudicate all aspects of this controversy. *Head*, 340 F.R.D. at 154 ("Class action is the superior method of litigating the claims in this matter. In the absence of a class action, thousands of meritorious claims would likely go unredressed because the cost of litigation would dwarf any possible reward under the TCPA.").

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the strengths and weaknesses of Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

This Court also considered the following factors in preliminarily finding that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)    whether Plaintiff and class counsel have adequately represented the class;

(B)    whether the proposal was negotiated at arm's length;

(C)    whether the relief provided for the class is adequate, taking into account:

(i)    the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—Kroll Settlement Administration LLC ("Kroll")—will administer the settlement and distribute notice of the settlement to the settlement class members. Kroll will be responsible for mailing the approved class action notices and settlement payments to the settlement class members. All reasonable costs of notice and administration will be paid from the $9,950,000 common settlement fund.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC, 2025 WL 273170, at *6 (D. Or. Sept. 23, 2025) (approving identical notice plan in TCPA class action settlement); *Bonoan v. Adobe, Inc.*, No. 3:19-CV-01068-RS, 2020 WL 6018934, at *2 (N.D. Cal. Oct. 9, 2020) ("This Court approves the form and substance of the proposed notice of the class action settlement, which includes postcard notice, publication notice, a physical claim form, and the question-and-answer notice and online claim form, which will appear on the dedicated settlement website."); *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 120 (D. Ariz. Jul. 12, 2019) (Logan, J.) (approving the form and substance of materially similar postcard notice, postcard claim form, and question-and-answer notice, and finding that the proposed form and method for notifying settlement class members of the settlement and its terms and conditions met the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable

under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to the notice).

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **[date]**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in *Jackson v. Gen Digital Inc*." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to:

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road
Suite 500
Boca Raton, FL 33431

Artin Betpera
Buchalter, a Professional Corporation
18400 Von Karman Avenue
Suite 800
Irvine, CA 92612

United States District Court for the District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

        a.      Full name;

        b.      Address;

        c.      Cellular telephone number to which Defendant placed an artificial or prerecorded voice call between February 19, 2021 and October 30, 2025, to demonstrate that the objector is a member of the settlement class;

        d.      A statement of the specific objection(s);

        e.      A description of the facts underlying the objection(s), including any supporting documents;

        f.      A description of the legal authorities that support each objection; and

        g.      A statement noting whether the objector intends to appear at the final fairness hearing.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses.

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will provide a settlement payment to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003, to determine:

A.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;

C.     Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D.     To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final fairness hearing *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final fairness hearing, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final fairness hearing, *i.e.*, no later than **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must

be filed with this Court no later than thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (forty days after this Court's entry of this Order), *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than seventy-five days after entry of this Order, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the Parties terminate the Agreement per its terms. Certain events described in the Agreement, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order is voided, then the Agreement and this order will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

Neither this order, nor the fact that settlement was reached and filed, nor the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant, Plaintiff, or the putative settlement class members. This order is not a finding of validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit. In no event shall this order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating in any way be used, offered, admitted, or referred to in the Lawsuit, in any other lawsuit, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

By entering this order, the Court does not make any determination as to the merits of the Lawsuit.

This Court retains continuing and exclusive jurisdiction over the action to consider

all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

**[Date]**:                   Order Preliminarily Approving the Settlement Entered

**[Date]**:                   Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                   Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                   Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                   Opposition to Attorneys' Fees Petition (seventy-five days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                   Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                   Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement)

**[Date]**:                   Motion for Final Approval Filed (thirty days before final fairness hearing)

**[Date]**:                   Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing)

**[Date]**:                   Reply in support of Motion for Final Approval (seven days before final fairness hearing)

**[Date]**:                   Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing)

**[Date]**:                   Final Fairness Hearing

# EXHIBIT 3

1
2
3                    **UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF ARIZONA**
4
5   Michelle Jackson, *on behalf of herself and*          )
    *others similarly situated*,                          )   No. 2:25-cv-00535-MTL
6                                                          )
7            Plaintiff,                                    )   **FINAL ORDER AND**
                                                           )   **JUDGMENT**
8   v.                                                     )
                                                           )
9   Gen Digital Inc.,                                      )
                                                           )
10           Defendant.                                    )
                                                           )
11   _____              )
12
            This Court is advised that the parties to this action, Michelle Jackson ("Plaintiff")
13
    and Gen Digital Inc. ("Defendant"), have agreed, subject to this Court's approval and
14
    following notice to the settlement class members and a hearing, to settle the above-
15
    captioned lawsuit ("Lawsuit") under the Telephone Consumer Protection Act ("TCPA"),
16
    47 U.S.C. § 227, upon the terms and conditions set forth in the parties' class action
17
    settlement agreement ("Agreement"), which Plaintiff filed with this Court:
18
            On February 18, 2025, Michelle Jackson ("Plaintiff") filed a class action complaint
19
    against Gen Digital Inc. ("Defendant") in the United States District Court for the District
20
    of Arizona, No. 2:25-cv-00535-MTL, asserting class claims under the TCPA. ECF No. 1.
21
            On or around **[date]**, after extensive arm's-length negotiations and as a result of
22
    mediation before Hon. Diane M. Welsh (Ret.), Plaintiff and Defendant (the "Parties")
23
    entered into the Agreement, ECF No. **[#]**, which is subject to review under Fed. R. Civ. P.
24
    23.
25
            On **[date]**, the Parties filed the Agreement, along with Plaintiff's unopposed motion
26
    for preliminary approval of class action settlement (the "Preliminary Approval Motion").
27
    ECF No. **[#]**.
28
            In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D),
    1453, and 1711-1715, the claims administrator served written notice of the proposed class

                                              1

settlement as directed. Defendant has complied in all respects with its obligations under 28 U.S.C. § 1715.

On **[date]**, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for final approval of the class action settlement (the "Final Approval Motion"). ECF No. **[#]**.

On **[date]**, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy, for settlement purposes only, the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification, for settlement purposes only, of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Michael L. Greenwald of Greenwald Davidson Radbil PLLC ("GDR") and Anthony Paronich of Paronich Law, P.C. as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely, in the settlement context:

A.    The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.    Plaintiff's claims are typical of the claims of the settlement class members;

D.    Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members;

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

F.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998):

A.    The strengths and weaknesses of Plaintiff's claims, together with the risk, expense, complexity, and likely duration of further litigation, as well as the risk of maintaining class action status through trial, favor final approval;

B.    The immediate, meaningful cash relief afforded by the settlement favors final approval;

C.    The settlement here provides immediate, significant monetary relief to members of the settlement class, and avoids the certainty of additional, expensive, and protracted litigation. In addition, Defendant will utilize the Federal Communications Commission's Reassigned Numbers Database on a go-forward basis, which should limit calls it places to persons who are not its customers or accountholders. As a result, the settlement constitutes an objectively favorable result for settlement class members and the general public, and outweighs the mere possibility of future relief after protracted and expensive litigation;

D.    The posture of this case, and the experience and views of class counsel, favor final approval. Additionally, the Parties' arm's-length settlement negotiations through experienced counsel, with the assistance of a well-respected mediator, demonstrate the fairness of the settlement, and that the settlement is not a product of collusion; and

E.    The reaction of absent class members, and the absence of a governmental participant, favor final approval. That only **[#]** settlement class members excluded **[themselves]** from the settlement, that only **[#]** settlement class members objected to the settlement, and that **[no]** government official objected to the settlement, strongly supports final approval of the settlement. *See Lee v. Ocwen Loan Servicing, LLC,* No. 14-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015) ("Obviously, a low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable.").

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects

4

fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    A.    <u>Settlement Fund</u> – Defendant established a $9,950,000 non-reversionary fund (the "Settlement Fund").

    B.    <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

        i.    The costs for the administration of the settlement and class notice;

        ii.    Class counsel's attorneys' fees, in the amount of $**[#]**, and the reimbursement of class counsel's reasonable litigation costs and expenses in the amount of $**[#]**; and

        iii.    The incentive payment to Plaintiff, who will receive $**[#]** from the Settlement Fund as acknowledgment of her role in prosecuting claims on behalf of the settlement class members. *See*, *e.g.*, *Head v. Citibank, N.A.*, No. 18-cv-08189-PCT-ROS,

2025 WL 226660, at *4 (D. Ariz. Jan. 15, 2025) (Silver, J.) (approving $15,000 incentive award for class representative in TCPA class action)

C.    <u>Settlement Payments to Class Members</u> - Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement payment will be void no fewer than 120 days after issuance.

The settlement class members were given an opportunity to object to the settlement. **[#]** settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. **[#]** settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion:

- **[names]**;

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released parties as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. This order is not a finding of validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit.

By entering this order, the Court does not make any determination as to the merits of this Lawsuit, and Defendant denies any liability of wrongdoing.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, expenses, and an incentive award, ECF No. **[#]**, class counsel's request for an award of attorneys' fees of $**[#]** from the settlement fund is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $**[#]** is approved. *See id*.

Plaintiff's request for an incentive award of $**[#]** is approved. *See id*.