IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*,<br><br>  Plaintiff,<br><br>vs.<br><br>Gen Digital Inc.,<br><br>  Defendant. | No.: 2:25-cv-00535-MTL<br><br>**DECLARATION OF ANTHONY PARONICH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Anthony Paronich, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Anthony Paronich.

2. I am over twenty-one years of age.

3. I am fully competent to make the statements contained in this declaration.

4. I am admitted to practice before this Court *pro hac vice*.

5. I submit this declaration in support of Plaintiff's unopposed motion for preliminary approval of class action settlement.

6. I am a 2010 graduate of Suffolk Law School. In 2010, I was admitted to the Bar in Massachusetts. Since then, I have been admitted to practice before the Federal District Court for the District of Massachusetts, the Northern District of Illinois, the Eastern District of Michigan, the Western District of Wisconsin, the Southern District of Indiana, the First Circuit Court of Appeals, the Seventh Circuit Court of Appeals, and the Ninth Circuit Court of Appeals. From time to time, I have appeared in other State and Federal District Courts *pro hac vice*. I am in good standing in every court to which I am admitted to practice.

7. I was an associate at Broderick Law, P.C. in Boston, Massachusetts from 2010 through 2016.

8. I was a partner at Broderick & Paronich, P.C. in Boston, Massachusetts from 2016 through 2019.

9. In 2019, I started Paronich Law, P.C., focused on protecting consumers in class action lawsuits.

10. I have been appointed class counsel in more than 50 TCPA cases, including the following:

    i. Desai and Charvat v. ADT Security Services, Inc., USDC, N.D. Ill., 11-CV-1925, a TCPA class settlement of $15,000,000 granted final approval on June 21, 2013.

    ii. Jay Clogg Realty Group, Inc. v. Burger King Corporation, USDC, D. Md., 13-cv-00662, a TCPA class settlement of $8,500,000 granted final approval on April 15, 2015.

    iii. Charvat v. AEP Energy, Inc., USDC, N.D. Ill., 1:14-cv-03121, a TCPA class settlement of $6,000,000 granted final approval on September 28, 2015.

    iv. Bull v. US Coachways, Inc., USDC, N.D. Ill., 1:14-cv-05789, a TCPA class settlement finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against defendant's insurance carrier.

    v. Smith v. State Farm Mut. Auto. Ins. Co., et. al., USDC, N.D. Ill., 1:13-cv-02018, a TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

    vi. Mey v. Frontier Communications Corporation, USDC, D. Conn., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

    vii. Heidarpour v. Central Payment Co., USDC, M.D. Ga., 15-cv-139, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

    viii. Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc., USDC, N.D. Ga., 1:15-CV-03562-AT, a TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

    ix. Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc., USDC, N.D. Ca., 3:16-cv-05486-JCS, a TCPA class settlement of $9,000,000 granted final approval on October 15, 2018.

    x. In re Monitronics International, Inc., USDC, N.D. W.Va., 1:13-md-02493-

|   |   |
|---|---|
|   | JPB-JES, a TCPA class settlement of $28,000,0000 granted final approval on June 12, 2018. |
| xi. | Thomas Krakauer v. Dish Network, L.L.C., USDC, M.D.N.C., 1:14-CV-333 on September 9, 2015.  Following a contested class certification motion, this case went to trial in January of 2017 returning a verdict of $20,446,400. On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338). The Fourth Circuit Court of Appeals unanimously affirmed the judgment in May of 2019. *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643 (4th Cir. 2019). The United States Supreme Court rejected *certiorari* of this matter in December of 2019. *See DISH Network L.L.C. v. Krakauer,* 140 S. Ct. 676 (2019). |
| xii. | Charvat v. Carnival Corporation & PLC, et. al., USDC, ND. Ill., 1:13-cv-00042, a TCPA class settlement of $12,500,000 granted final approval in April of 2020. |
| xiii. | Loftus v. Sunrun, Inc., USDC, N.D. Ca.., 3:19-cv-1608, a TCPA class settlement of $5,500,000 granted final approval on May 11, 2021. |
| xiv. | Andrew Perrong v. Orbit Energy & Power, LLC, USDC, E.D. PA., Civil Action No. No. 2:21-cv-777. A class settlement of $6,000,000 granted final approval on June 21, 2022. |
| xv. | David Vance, et. al. v. DirecTV, LLC, USDC, N.D. WV., Civil Action No. 5:17-cv-179. A class settlement of $16,850,000 granted final approval on August 24, 2023. |
| xvi. | Berman v. Freedom Financial Network, LLC et al*,* N.D. CA., Civil Action No. 18-cv-1060. A class action settlement of $9,750,000 granted final approval on February 23, 2024 |
| xvii. | Murray v. Grocery Delivery E-Services USA, Inc. D. MA. Civil Action No. 19-cv-12608. A class action settlement of $11,000,000 granted final approval on March 13, 2024. |
| xviii. | Williams v. Choice Health Insurance LLC, M.D. AL., Civil Action No. 23-cv-292.  A class action settlement of $7,000,000 granted final approval on July 22, 2024 |
| xix. | Smith, et. al. v. Assurance IQ, LLC*,* Civil Action No. 23-ch-09225 (Ill.). A class action settlement of $21,875,000, granted final approval on September 3, 2024. |

3

11. My firm has no known conflicts with the proposed settlement class.

**The Settlement**

12. The settlement requires Gen Digital Inc. ("Gen") to create a non-reversionary common fund of $9,950,000.00, which will be invested in FDIC-insured, interest-bearing accounts pending the settlement approval process.

13. It is expected that the settlement fund will exceed $10 million when the time comes to distribute payments.

14. The Settlement also includes a case my firm was lead in litigation on, *Lewis v. Gen Digital Inc.*, Civil Action No. 25-cv-647 (D. Ariz.).

15. The Settlement Class is defined as:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

16. Participating Settlement Class Members will receive an equal share of the fund after deducting attorneys' fees, costs, and expenses as awarded by the Court, notice and administration costs, and a service award to Ms. Jackson ($15,000), subject to Court approval.

17. There is no clear-sailing provision with respect to attorneys' fees, costs, or expenses. As a result, Gen may object to these amounts if it chooses to do so.

18. The settlement fund is all cash, with no coupon or voucher component.

19. No settlement funds will revert to Gen.

20. In addition, Gen will institute meaningful prospective changes to its calling practices to help ensure that it does not place calls with an artificial or prerecorded voice to persons who are not its customers or accountholders. To that end, Gen will utilize the Federal Communications Commission's Reassigned Numbers Database and will not place

calls with an artificial or prerecorded voice to telephone numbers that are permanently disconnected and made available for reassignment after Gen obtained consent to call.

21. The parties expect to send direct mail notice to more than 300,000 potential Settlement Class Members.

22. The parties reached this settlement after nearly a year of litigation that included written discovery, Gen's document production, a deposition, and numerous meet-and-confer conferences aimed at identifying potential class members.

23. Moreover, the parties reached this settlement only after attending mediation with the Hon. Diane M. Welsh (Ret.) of JAMS.

24. Given the tremendous recovery for the class, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable, and adequate, and that this Court should preliminarily approve it and order the issuance of class notice.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 19, 2025.       By: *s/ Anthony Paronich*
                                          Anthony Paronich