1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*, | ) ) No. 2:25-cv-00535-MTL ) |
| Plaintiff, | ) **ORDER PRELIMINARILY** ) **APPROVING CLASS ACTION** |
| v. | ) **SETTLEMENT** ) |
| Gen Digital Inc., | ) ) |
| Defendant. | ) ) ) |

This Court is advised that the parties to this action, Michelle Jackson ("Plaintiff") and Gen Digital Inc. ("Defendant"), have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") under the Telephone Consumer Protection Act ("TCPA") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **[date]**, after notice to the settlement class members, to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Plaintiff, individually and as Class Representative on behalf of the settlement class, and Defendant (collectively, the "Parties") have negotiated a potential settlement of the Lawsuit to avoid the expense, uncertainties, and burden of protracted litigation.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d),

1453, and 1711-1715, Defendant will work with the claims administrator to serve written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Michael L. Greenwald of Greenwald Davidson Radbil PLLC ("GDR") and Anthony Paronich of Paronich Law, P.C. as class counsel for the settlement class.

This Court preliminarily finds, for settlement purposes only (and with no other effect upon the Lawsuit, including no effect upon the Lawsuit should the Agreement not receive final approval under Rule 23(e) of the Federal Rules of Civil Procedure), that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A. The settlement class is so numerous that joinder of all members is impracticable:

Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Generally, a class of greater than forty members is sufficient." *Russell v. Ray Klein, Inc.*, No. 1:19-CV-00001-MC, 2022 WL 1639560, at *2 (D. Or. May 24, 2022). "Judges within this district have repeatedly recognized that numerosity may be satisfied when general knowledge and common sense indicate that joinder would be impracticable, even where it is not possible to estimate a specific number of class members." *Head v. Citibank, N.A.*, 340 F.R.D. 145, 149 (D. Ariz. 2022) (Silver, J.) (internal quotations omitted).

Here, Plaintiff alleges that Defendant placed calls with an artificial or prerecorded voice to more than 300,000 telephone numbers that the Federal Communications Commission ("FCC") reported as being disconnected and made available for reassignment at some point during the class period. While not all of these telephone numbers are assigned to settlement class members, it stands to reason that a percentage is assigned to settlement class members.

The proposed settlement class, therefore, exceeds the forty-member threshold. *Id*. And joinder of all settlement class members is impracticable. *See Lavigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ/LF, 2018 WL 2694457, at *3-4 (D.N.M. June 5, 2018) (finding a proposed "wrong number" TCPA class satisfied numerosity where "Defendants' own call logs . . . identify 38,125 separate phone numbers (both landline and cell phone) that . . . were coded as 'Bad/Wrong Number,'" and explaining that "[e]ven if only a fraction of the approximately 38,125 are in fact class members, the numerosity requirement here is readily satisfied.");

B.     Common questions exist as to each settlement class member:

Rule 23(a)(2) requires the existence of common questions of law or fact. *See* Fed. R. Civ. P. 23(a)(2). Here, whether Defendant used an artificial or prerecorded voice in connection with the calls at issue is a question common to the settlement class. *See Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 242 (D. Ariz. 2019) (Logan. J.) ("Whether Defendant used a[] . . . prerecorded voice to allegedly call the putative class members would produce an answer that is central to the validity of each claim in one stroke."). Additionally, whether each member of the settlement class suffered the same alleged injury and is entitled to the same statutorily mandated relief gives rise to another common question. *See id*. ("[A]ll putative class members allegedly suffered the same injury—a receipt of at least one phone call by Defendant in violation of the TCPA. Thus, whether each class member suffered the same injury is also a 'common contention.' . . . Therefore, commonality is satisfied.").

What's more, whether liability attaches to "wrong number" calls is a question common to the settlement class. *See id.* (finding that "whether liability attaches for wrong

3

or reassigned numbers" would "produce an answer that is central to the validity of each claim in one stroke").

Questions of law and fact are therefore common to all members of the settlement class. *See Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 291-92 (D. Utah 2021) (finding "(1) whether Snap used a prerecorded voice in connection with the calls at issue; (2) whether the class members are entitled to the statutorily mandated relief; and (3) whether liability attaches to Snap's wrong number calls" as "common questions [that] will also provide common answers to legal and factual questions for all class members.");

C. Plaintiff's claims are typical of the claims of the settlement class members:

"A proposed class representative's claims and defenses must also be typical of the class." *Head*, 340 F.R.D. at 151; *see also* Fed. R. Civ. P. 23(a)(3).

Here, Plaintiff and members of the settlement class allege to have been similarly harmed by receiving calls from Defendant with an artificial or prerecorded voice even though they are not customers or accountholders of Defendant. Plaintiff, therefore, possesses the same interests, and seeks the same relief, as do members of the proposed settlement class. Correspondingly, Plaintiff's claims are typical of the claims of members of the settlement class. *See Cortes v. Nat'l Credit Adjusters, L.L.C.*, No. 216CV00823MCEEFB, 2020 WL 3642373, at *5 (E.D. Cal. July 6, 2020) ("Here, Plaintiff asserts the same claims that could be brought by any of the other class members, specifically that Defendant used an . . . artificial or prerecorded voice message to make unsolicited calls regarding a purported debt. Therefore, the typicality requirement is satisfied.").

As well, that the subject calls Defendant allegedly placed to Plaintiff and settlement class members were wrong-number calls makes Plaintiff's claims typical. *See Knapper*, 329 F.R.D. at 242-43 ("The Court finds that the typicality requirement is met. Here, Plaintiff is a not a customer of Defendant and alleges that Defendant did not have consent to call her before it dialed her phone number. . . . She alleges that the putative class members were also wrongly contacted by Defendant. . . . Thus, the nature of Plaintiff's claim is reasonably coextensive with the putative class members.");

4

D.  Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members:

Adequacy requires that "the representative parties [] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two factors are relevant: (1) the presence of conflicts of interest between the class representatives, their counsel, and the remaining class; and (2) the likelihood that representatives and counsel will vigorously prosecute on behalf of the class." *Russell*, 2022 WL 1639560, at *3.

Here, Plaintiff is capable of protecting, has protected, and will continue to protect, the interests of settlement class members. From the outset, Plaintiff has been, and remains, involved in this matter. She has, and will continue to, communicate regularly with class counsel. And she has, and is prepared to, make all necessary decisions involving this case with settlement class members' best interests in mind.

Furthermore, Plaintiff retained counsel experienced and competent in class action litigation, including that under the TCPA. Indeed, courts have not only appointed class counsel as class counsel in dozens of consumer protection class actions in the past few years alone, but many have also taken care to highlight the firm's wealth of experience and skill. *See, e.g.*, *Head*, 340 F.R.D. at 152 (appointing GDR as class counsel);

E.  Questions common to settlement class members predominate over any questions affecting only individual members:

Rule 23(b)(3) requires "that questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3).

"[T]he predominant issue common to all class members is whether Defendant used an . . . artificial or prerecorded voice message to make unsolicited calls . . . in violation of the TCPA[,] [and] any individualized factual questions are predominated by the common question of Defendant's general TCPA liability." *Cortes*, 2020 WL 3642373, at *5.

In short, members of the settlement class are alleged to be unintended recipients of Defendant's alleged artificial or prerecorded voice calls.

F.  A class action is superior to other available methods for the fair and efficient adjudication of this matter:

Rule 23(b)(3) also requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether a class action is superior, a court may consider the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the difficulties likely to be encountered in the management of a class action. *Id*.

In general, litigating TCPA claims as part of a class action is superior to litigating them in successive individual lawsuits. *See Knapper*, 329 F.R.D. at 247 ("The Court is persuaded that putative class members who would ultimately become part of the class would have little incentive to prosecute their claims on their own. Should individual putative class members choose to file claims on their own, given the potential class size and the relatively small amount of statutory damages for each case, individual litigation would not promote efficiency or reduce litigation costs. . . . Therefore, the Court finds that a class action is a superior method to adjudicate this matter.").

As well, no single settlement class member has an interest in controlling the prosecution of this action. Simply, the claims of all members of the settlement class are identical, as they arise from the same alleged standardized conduct, and they result in uniform alleged damages calculated on an alleged per-violation basis. *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) ("This class action, which resolves the controversy more fairly and efficiently than a series of individual actions, satisfies Rule 23(b)(3)'s superiority requirement. Because the TCPA permits a maximum award of $500 absent a willful violation, each class member lacks a strong financial interest in controlling the prosecution of his action."); *see also Lavigne*, 2018 WL 2694457, at *8 ("Moreover, the complex

1  nature of this TCPA action lends itself to the efficiencies of class certification. It would
2  [be] inefficient to reinvent [the] wheel on approximately 30,000 separate cases. Moreover,
3  the courts would be substantially burdened by 30,000 separate suits—or even a fraction of
4  that.").

5       A class action is therefore the superior method to adjudicate all aspects of this
6  controversy. *Head*, 340 F.R.D. at 154 ("Class action is the superior method of litigating
7  the claims in this matter. In the absence of a class action, thousands of meritorious claims
8  would likely go unredressed because the cost of litigation would dwarf any possible reward
9  under the TCPA.").

10       This Court also preliminarily finds that the settlement of the Lawsuit, on the terms
11  and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable,
12  adequate, and in the best interest of the settlement class members, when considering, in
13  their totality, the following factors: (1) the strengths and weaknesses of Plaintiff's case;
14  (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of
15  maintaining class action status throughout the trial; (4) the amount offered in settlement;
16  (5) the extent of discovery completed and the stage of the proceedings; (6) the views of
17  counsel; (7) the presence of a governmental participant; and (8) the reaction of the class
18  members to the proposed settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026
19  (9th Cir. 1998).

20       This Court also considered the following factors in preliminarily finding that the
21  settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all
22  respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement
23  class members:

24      (A)    whether Plaintiff and class counsel have adequately represented the class;
25      (B)    whether the proposal was negotiated at arm's length;
26      (C)    whether the relief provided for the class is adequate, taking into account:
27          (i)    the costs, risks, and delay of trial and appeal;
28          (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

  A third-party settlement administrator—Kroll Settlement Administration LLC ("Kroll")—will administer the settlement and distribute notice of the settlement to the settlement class members. Kroll will be responsible for mailing the approved class action notices and settlement payments to the settlement class members. All reasonable costs of notice and administration will be paid from the $9,950,000 common settlement fund.

  This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

  The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC, 2025 WL 273170, at *6 (D. Or. Sept. 23, 2025) (approving identical notice plan in TCPA class action settlement); *Bonoan v. Adobe, Inc.*, No. 3:19-CV-01068-RS, 2020 WL 6018934, at *2 (N.D. Cal. Oct. 9, 2020) ("This Court approves the form and substance of the proposed notice of the class action settlement, which includes postcard notice, publication notice, a physical claim form, and the question-and-answer notice and online claim form, which will appear on the dedicated settlement website."); *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 120 (D. Ariz. Jul. 12, 2019) (Logan, J.) (approving the form and substance of materially similar postcard notice, postcard claim form, and question-and-answer notice, and finding that the proposed form and method for notifying settlement class members of the settlement and its terms and conditions met the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable

under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to the notice).

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **[date]**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in *Jackson v. Gen Digital Inc*." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to:

    Michael L. Greenwald
    Greenwald Davidson Radbil PLLC
    5550 Glades Road
    Suite 500
    Boca Raton, FL 33431

Artin Betpera
Buchalter, a Professional Corporation
18400 Von Karman Avenue
Suite 800
Irvine, CA 92612

United States District Court for the District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

    a.    Full name;

    b.    Address;

    c.    Cellular telephone number to which Defendant placed an artificial or prerecorded voice call between February 19, 2021 and October 30, 2025, to demonstrate that the objector is a member of the settlement class;

    d.    A statement of the specific objection(s);

    e.    A description of the facts underlying the objection(s), including any supporting documents;

    f.    A description of the legal authorities that support each objection; and

    g.    A statement noting whether the objector intends to appear at the final fairness hearing.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses.

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will provide a settlement payment to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003, to determine:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;

C. Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D. To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final fairness hearing *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final fairness hearing, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final fairness hearing, *i.e.*, no later than **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must

be filed with this Court no later than thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (forty days after this Court's entry of this Order), *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than seventy-five days after entry of this Order, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the Parties terminate the Agreement per its terms. Certain events described in the Agreement, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order is voided, then the Agreement and this order will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

Neither this order, nor the fact that settlement was reached and filed, nor the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant, Plaintiff, or the putative settlement class members. This order is not a finding of validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit. In no event shall this order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating in any way be used, offered, admitted, or referred to in the Lawsuit, in any other lawsuit, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

By entering this order, the Court does not make any determination as to the merits of the Lawsuit.

This Court retains continuing and exclusive jurisdiction over the action to consider

all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

| | |
|---|---|
| **[Date]**: | Order Preliminarily Approving the Settlement Entered |
| **[Date]**: | Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Opposition to Attorneys' Fees Petition (seventy-five days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement) |
| **[Date]**: | Motion for Final Approval Filed (thirty days before final fairness hearing) |
| **[Date]**: | Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| **[Date]**: | Reply in support of Motion for Final Approval (seven days before final fairness hearing) |
| **[Date]**: | Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing) |
| **[Date]**: | Final Fairness Hearing |