IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Gen Digital Inc.,<br><br>Defendant. | No.: 2:25-cv-00535-MTL<br><br>**DECLARATION OF MICHAEL L. GREENWALD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND A SERVICE AWARD** |

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     My name is Michael L. Greenwald.

2.     I am over twenty-one years of age.

3.     I am fully competent to make the statements contained in this declaration.

4.     I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR").

5.     I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

6.     I am co-counsel for Plaintiff Michelle Jackson and the Settlement Class in this action.

7.     GDR, which focuses on consumer protection class action litigation, has attorneys in Boca Raton, Florida and Austin, Texas.

8.     I am admitted to practice before this Court *pro hac vice*.

9.     I submit this declaration in support of Plaintiff's motion for attorneys' fees, expenses, and a service award.

### GDR's Experience

10.     GDR's attorneys have extensive experience litigating consumer protection class actions, including class actions under the Telephone Consumer Protection Act ("TCPA").

1

11. As court-appointed class counsel in TCPA class actions, GDR has helped to recover more than $200 million for consumers, including in the following cases:

- *Patterson v. OptumRx, Inc.*, No. 1:24-cv-00689-TWP-KMB (S.D. Ind.);

- *Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC (D. Or.);

- *Johnson v. United Healthcare Servs., Inc.*, No. 5:23-cv-522-GAP-PRL (M.D. Fla.);

- *Daugherty v. Credit Bureau Servs. Ass'n*, No. 4:23-cv-01728 (S.D. Tex.);

- *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR (S.D. Ga.);

- *Head v. Citibank, N.A.*, No. 3:18-cv-08189-ROS (D. Ariz.) (Silver, J.);

- *Smith v. Assurance IQ, LLC*, No. 2023-CH-092252 (Cook County, Ill.);

- *Fralish v. Ceteris Portfolio Servs., LLC*, No. 3:22-CV-176-DRL-MGG (N.D. Ind.);

- *Jackson v. Discover Fin. Servs. Inc.*, No. 1:21-cv-04529 (N.D. Ill.);

- *Lucas v. Synchrony Bank*, No. 4:21-cv-00070-PPS (N.D. Ind.);

- *Wesley v. Snap Fin. LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah);

- *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR (E.D. Mo.);

- *Davis v. Mindshare Ventures LLC*, No. 4:19-cv-1961 (S.D. Tex.);

- *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.);

- *Neal v. Wal-Mart Stores, Inc. & Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.);

- *Jewell v. HSN, Inc.*, No. 3:19-cv-00247-jdp (W.D. Wis.);

- *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz.) (Logan, J.);

- *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.);

- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);

- *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);

- *Johnson v. NPAS Sols., LLC*, No. 9:17-cv-80393 (S.D. Fla.) (on appeal);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Johnson v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure & Heard v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.,* No. 1:14-cv-00130-PJK-GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.,* No. 2:12-CV-01714-PHX-SM (D. Ariz.) (McNamee, J.).

12.     In addition, GDR has been appointed class counsel in dozens of class actions brought under consumer protection statutes other than the TCPA, including:

- *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN (E.D. Va.);

- *Danger v. Nextep Funding, LLC*, No. 0:18-cv-00567-SRN-LIB (D. Minn.);

- *Spencer v. #1 A LifeSafer of Ariz. LLC*, No. 18-02225-PHX-BSB (D. Ariz.) (Bade, J.);

- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);

- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);

- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.);

- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.); and

- *Gonzalez v. Germaine Law Office PLC*, No. 2:15-cv-01427-PHX-ROS (D. Ariz.) (Silver, J.).

13.     Multiple district courts have commented on GDR's wealth of knowledge and experience in connection with class action litigation.

14.     In *Head v. Citibank, N.A.*, Judge Silver of this Court wrote:

> Moreover, the quality of Plaintiff's filings to this point, as well as the declarations submitted by the proposed class counsel, Michael Greenwald (Doc. 120-6) . . . persuade the Court that Head, Greenwald, and Wilson will continue to vigorously prosecute this action on behalf of the class.
>
> *    *    *
>
> Significantly, class counsel have provided a list of well over a dozen class actions Greenwald, Wilson, and their respective firms have each litigated, including several under the TCPA. (Doc. 120-6 at 5-6; Doc. 120-7 at 2-7). These showings demonstrate counsel's experience in handling class actions, complex litigation, and the types of claims asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

340 F.R.D. 145, 152 (D. Ariz. 2022).

15.     As well, in *Ritchie*, Judge Stephen P. McNamee of this Court stated upon granting final approval to the TCPA settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

16.     Other district courts likewise have commented on GDR's useful knowledge and experience in connection with class action litigation.

4

17.    For instance, in preliminarily approving the class action settlement in *Chapman v. Bowman, Heintz, Boscia & Vician, P.C*, Judge Jon E. DeGuilio of the Northern District of Indiana wrote:

> No doubt Michael L. Greenwald of Greenwald Davidson Radbil PLLC has put extensive work into reviewing and investigating the potential claims in this case, and he and his firm have experience in handling class action litigation. Additionally, Mr. Greenwald has demonstrated his knowledge of the FDCPA and he has so far committed the resources necessary to representing the class and administrating the proposed settlement. The Court believes that Mr. Greenwald will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), it is **ORDERED** that Michael Greenwald of Greenwald Davidson Radbil PLLC is appointed Class Counsel.

No. 2:15-cv-120 JD, 2015 WL 9478548, at *6 (N.D. Ind. Dec. 29, 2016).

18.    In *Schwyhart*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

19.    Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—"is to be commended for his work" for the class, "was professional at all times" ..., and used his "excellent negotiation skills" to achieve a settlement fund greater than that required by the law.

5

> The undersigned concurs ... Counsel's level of experience in handling
> cases brought under the FDCPA, other consumer protection statutes,
> and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

20.    As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016).

21.    In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

22.    Similarly, in *Cooper v. InvestiNet, LLC*, Chief Judge Tanya Walton Pratt of the Southern District of Indiana wrote:

> GDR is an experienced firm that has successfully litigated many
> complex consumer class actions, including under the FDCPA.
> Because of its experience, GDR has been appointed class counsel in
> many class actions throughout the country, including in this district.
> GDR employed that experience here in negotiating a favorable result
> that avoids protracted litigation, trial, and appeals.

No. 1:21-cv-01562-TWP-DML, 2022 WL 1125394 (S.D. Ind. April 14, 2022).

23.    In appointing GDR as class counsel in a TCPA matter last year, Judge Gregory A. Presnell of the Middle District of Florida wrote:

> As well, Plaintiff retained GDR, a firm competent in class action
> litigation, including under the TCPA. The Court finds that GDR has
> and will continue to vigorously protect the interests of members of the
> proposed class. As such, Plaintiff and GDR will fairly and adequately
> protect the interests of the members of the class.

*Johnson v. United Healthcare Servs., Inc.*, No. 5:23-cv-522-GAP-PRL, 2025 WL 444348, at *2 (M.D. Fla. Feb. 10, 2025).

6

24.    Even more recently, in *Cornelius*, Chief Judge R. Stan Baker of the Southern District of Georgia wrote:

> The Court further finds that Class Counsel—Michael L. Greenwald of Greenwald Davidson Radbil PLLC . . . .—have zealously represented the interests of the Settlement Class. Because of Class Counsel's considerable efforts, Settlement Class Members will receive meaningful payments well in excess of most approved TCPA class action settlements.

*Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR, 2025 WL 502089, at *3 (S.D. Ga. Feb. 13, 2025).

25.    And most recently, Judge Michael J. McShane of the District of Oregon wrote in appointing GDR as class counsel in a TCPA class action:

> Furthermore, Plaintiff retained counsel experienced and competent in class action litigation, including that under the TCPA. Indeed, courts have not only appointed GDR as class counsel in dozens of consumer protection class actions in the past few years alone, but many have also taken care to highlight the firm's wealth of experience and skill[.]

*Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC, 2025 WL 273170, at *3 (D. Or. Sept. 23, 2025).

26.    Additional information about GDR is available at www.gdrlawfirm.com.

**Michael L. Greenwald**

27.    Prior to forming GDR in 2012, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—one of the nation's largest plaintiff's class action firms.

28.    My practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation.

29.    While at Robbins Geller, I served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank*

*Clothiers, Inc*. (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

30.    I started my career as an attorney in the Fort Lauderdale, Florida office of Holland & Knight LLP.

31.    Other GDR attorneys also contributed to the successful prosecution of this case, including partners Aaron D. Radbil, James L. Davidson, and Jesse S. Johnson.

**Aaron D. Radbil**

32.    Mr. Radbil graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

33.    Mr. Radbil has extensive experience litigating consumer protection class actions, including those under the TCPA.

34.    In addition to his experience litigating consumer protection class actions, Mr. Radbil has briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals.

**James L. Davidson**

35.    Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

36.    Mr. Davidson is admitted to practice before this Court *pro hac vice*.

37.    He has been appointed class counsel in a host of consumer protection class actions.

38.    Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

**Jesse S. Johnson**

39.    Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

40.    He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business

Administration from the University of Florida Hough Graduate School of Business the same year.

41.    While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions.

42.    Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

**The Settlement**

43.    By any measure, the settlement is a tremendous result for the Settlement Class.

44.    The settlement required Gen Digital Inc. ("Gen") to create a non-reversionary common fund of $9,950,000.00, which is invested in FDIC-insured, interest-bearing accounts pending the settlement approval process.

45.    It is expected that the settlement fund will exceed $10 million when the time comes to distribute payments.

46.    The Settlement Class is defined as:

> All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

47.    Participating Settlement Class Members will receive an equal share of the fund after deducting attorneys' fees, costs, and expenses as awarded by the Court, notice and administration costs, and a service award to Ms. Jackson ($15,000), subject to Court

9

approval.

48.    There is no clear-sailing provision with respect to attorneys' fees, costs, or expenses. As a result, Gen may object to these amounts if it chooses to do so.

49.    The settlement fund is all cash, with no coupon or voucher component.

50.    No settlement funds will revert to Gen.

51.    In addition, Gen will institute meaningful prospective changes to its calling practices to help ensure that it does not place calls with an artificial or prerecorded voice to persons who are not its customers or accountholders. To that end, Gen will utilize the Federal Communications Commission's Reassigned Numbers Database and will not place calls with an artificial or prerecorded voice to telephone numbers that are permanently disconnected and made available for reassignment after Gen obtained consent to call the telephone number.

52.    The parties sent direct mail notice to approximately 240,000 potential Settlement Class Members. The expected number of *bona fide* class members is much fewer.

53.    The parties reached this settlement after nearly a year of litigation that included an investigation into the facts concerning Ms. Jackson's claims, written discovery in the form of requests for production, interrogatories, and requests for admission, Gen's document production, a deposition taken pursuant to Rule 30(b)(6), and numerous meet-and-confer conferences aimed at identifying potential class members.

54.    Moreover, the parties reached this settlement only after attending mediation with the Hon. Diane M. Welsh (Ret.) of JAMS. As part of the mediation process, the parties exchanged detailed briefs regarding the facts and central legal arguments of this case. After mediation, GDR prepared and negotiated the written settlement agreement and class notices, and has overseen the class notice process.

**GDR Devoted Considerable Resources to this Case**

55.    As noted, the parties reached this settlement after a year of litigation that included written discovery and document productions, a deposition, and significant

briefing in connection with mediation.

56.    The road to the settlement was arduous, and required a significant investment of time and resources.

57.    GDR has handled this case on a contingency basis.

58.    GDR is a small law firm, with only four attorneys.

59.    GDR has received no payment for its work on this case to date.

60.    While all class litigation is risky, this case presented additional unique risks. These included the ever-evolving case law surrounding the TCPA, as well as class certification decisions adverse to TCPA plaintiffs. *See, e.g.*, *Abboud v. Circle K Stores Inc.*, No. CV-23-01683-PHX-DWL, 2025 WL 2800052 (D. Ariz. Sept. 30, 2025) (Lanza, J.); *Revitch v. Citibank, N.A.*, No. C 17-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019). The prospects for success, therefore, were tenuous.

61.    In addition, Gen maintained that the vast majority of the calls it places are made for "emergency purposes" and therefore are not actionable. 47 U.S.C. § 227(b)(1)(A). Gen testified that it makes these calls to its LifeLock customers for the purpose of delivering time-sensitive alerts regarding financial activity that may pose a risk to the customer, such as the appearance of the customer's personal information on the dark web, data breaches involving the customer's personal information, unusual credit card charges, the opening of a new credit account under the customer's name, opening of a new buy-now-pay-later loan in the customer's name, and a change in the customer's credit score—all of which may be signs of identity theft. As with its consent defense, if this Court found Gen's calls to be protected by the "emergency purposes" exception, Ms. Jackson's claims—and those of Settlement Class Members—would fail.

62.    GDR attorneys have spent hundreds of hours litigating this case, accumulating a sizable lodestar, particularly for a small firm with four attorneys. Additional necessary work lies ahead, including overseeing the claims and administration process, responding to inquiries, preparing the motion for final approval, and attending the final fairness hearing.

63.     In light of the excellent results achieved in this case, together with counsel's considerable efforts in achieving those results, the novelty and difficulty of the legal questions involved, that Class Counsel litigated this matter on a contingent basis, the experience, reputation, and ability of Class Counsel, and the public service provided by way of Class Counsel's and Ms. Jackson's roles as private attorneys general with respect to the TCPA, I firmly believe the settlement is fair, reasonable, and adequate, and that the attorneys' fee requested as a percentage of the common fund is fair and reasonable.

### Service Award

64.     Ms. Jackson has been a model class representative.

65.     Ms. Jackson remained actively involved in this case throughout the proceedings, including regularly conferring with her counsel and making herself available to consult on all strategic case decisions.

66.     In addition, Ms. Jackson assisted with responses to written discovery requests from Gen and searched for documents relevant to her claims.

67.     Ms. Jackson was also actively involved in settlement efforts, including attending mediation, staying abreast of settlement negotiations, and ultimately approving the settlement reached.

68.     Without Ms. Jackson's considerable efforts and dedication to this case, the class settlement would not have been possible. *See* ECF No. 21-2 (Declaration of Michelle Jackson).

69.     Given this, and considering the time and effort Ms. Jackson devoted to this case as well as the results achieved for the Settlement Class, I firmly believe that a service award in the amount of $15,000 is fair and reasonable.

### Reimbursement of Litigation Expenses

70.     GDR separately requests the reimbursement of expenses reasonably incurred in connection with the prosecution of this action.

71.     Such expenses are reflected in the books and records maintained by

undersigned counsel, which are an accurate recording of the expenses incurred.

72.    To date, GDR has incurred reimbursable litigation costs and expenses in the total amount of $12,077.66.

73.    These expenses include the filing fee for the complaint ($405); mediation fees and related costs ($10,141.89); *pro hac vice* admission fees and related costs ($346); and travel-related expenses for the upcoming final fairness hearing (total of $1,184.77).

74.    As well, GDR incurred additional reimbursable expenses, such as for computerized legal research and telephone charges. Those expenses are not separately itemized herein, and GDR does not seek separate reimbursement for them.

75.    For the reasons set forth herein and in the accompanying motion, I respectfully request that this Court grant Ms. Jackson's motion for attorneys' fees, expenses, and a service award.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Executed on March 9, 2026.            By: *s/ Michael L. Greenwald*
                                      Michael L. Greenwald