# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated,*<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Gen Digital Incorporated,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00535-MTL<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ANDREA DUDINSKY OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: July 14, 2026<br>Time: 10:00 a.m. MT<br>Dept: Courtroom 504<br><br>The Hon. Michael T. Liburdi |

I, Andrea Dudinsky, declare as follows:

## <u>INTRODUCTION</u>

1. I am a Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Claims Administrator appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the Settlement.

2. Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

## BACKGROUND

3.      Kroll was appointed as the Claims Administrator to provide notification and claims administration services in connection with the Class Action Settlement Agreement and Release (the "Settlement Agreement") entered into in this Lawsuit. Kroll's duties in connection with the Settlement have and will include: (a) creating a Settlement website with online claim-filing capabilities (the "Settlement Website"); (b) receiving and analyzing the potential Settlement Class Member contact list (the "Class List") from Defendant; (c) preparing and sending notices in connection with the Class Action Fairness Act; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Class Notice with detachable Claim Form via first-class mail (the "Postcard Notice"); (g) receiving and processing mail from the United States Postal Service ("USPS") with forwarding physical mailing addresses; (h) receiving and processing undeliverable mail, without a forwarding physical mailing address, from the USPS; (i) receiving and processing Claim Forms; (j) receiving and processing opt-out requests; and (k) such other tasks as counsel for the parties or the Court request Kroll to perform.

## NOTICE PROGRAM

**The CAFA Mailing**

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At the direction of the counsel for Defendant, on December 29, 2025, Kroll sent the CAFA Notice identifying the documents required, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail to (a) the Attorney General of the United States, (b) the fifty-three (53) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached here as **Exhibit B**, and (c) via email to three (3) state Attorneys General as noted on **Exhibit B**. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the Settlement referenced

in the CAFA Notice. Kroll did not receive any inquiries or responses from those noticed under CAFA.

**Data and Case Setup**

5.      On December 19, 2025, Kroll created a dedicated Settlement Website entitled www.JacksonIVRsettlement.com.  The Settlement Website "went live" on February 27, 2026, and contains a summary of the Settlement, important dates and deadlines, contact information for the Claims Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Settlement Agreement, Preliminary Approval Order, long-form Class Notice, Class Action Complaint, Defendant's answer and affirmative defenses, and Plaintiff's motion for attorneys' fees, expenses, and service award, and allowed Settlement Class Members an opportunity to file a Claim Form online.

6.      On December 26, 2025, Kroll received one (1) data file from Defendant. The file contained 359,789 telephone numbers for potential Settlement Class Members. Kroll undertook several steps to review the list for mailing Postcard Notices. Kroll performed a reverse lookup to identify cellular telephone lines and associated names and mailing addresses where available, resulting in a list of 265,822 identified cellular telephone records. Kroll removed 4,790 duplicate records, resulting in 261,032 unique records. At the request of Class Counsel, one (1) additional Settlement Class Member was added to the Class List, bringing the total number of unique records to 261,033. At the direction of Class Counsel, Kroll removed 2,437 records from the Class List that were associated with company names, resulting in a final Class List of 258,596 potential Settlement Class Members. For the purpose of mailing Postcard Notice, Kroll removed 144 records with invalid addresses and 23,381 records with no identifiable name or address, resulting in a total of 235,071 potential Settlement Class Members to whom Postcard Notices would be mailed. Additionally, in an effort to ensure that Postcard Notices would be deliverable to the Settlement Class Members, Kroll ran the list through the USPS's National Change of Address ("NCOA") database and updated the list with address changes received from the NCOA.

7.      On January 29, 2026, Kroll established a toll-free telephone number, (833) 319-6685, for Settlement Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system and/or through a voice mailbox with a return call option. As of May 12, 2026, the IVR system has received 523 calls, and 298 callers have been connected to live operators through the voice mailbox call return system.

8.      On January 29, 2026, Kroll designated a post office box with the mailing address *Jackson v. Gen Digital Inc.,* c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391, in order to receive requests for exclusion, Claim Forms, and correspondence from Settlement Class Members.

9.      On February 18, 2026, Kroll received $9.95 million from Defendant to fund the settlement. As of May 26, 2026, the settlement fund has accumulated $63,077.33 in interest for the benefit of Settlement Class Members.

**The Notice Program**

10.     On February 27, 2026, Kroll caused the mailing of 235,071 Postcard Notices via first-class mail. A true and correct copy of the Postcard Notice, along with the long-form Class Notice and Claim Form, are attached hereto as **Exhibits C, D** and **E**, respectively.

**NOTICE PROGRAM REACH**

11.     As of May 12, 2026, no Postcard Notices were returned by the USPS with a forwarding physical mailing address and 2,778 Postcard Notices were returned by the USPS as undeliverable as addressed, without a forwarding physical mailing address.[2]

12.     Based on the foregoing, Kroll has reason to believe that Postcard Notices likely reached 232,293 of the 235,071 persons to whom Postcard Notice was mailed, which equates to a reach rate of the direct mail notice of approximately 89.83% of the 258,596 potential Settlement Class Members identified through the reverse look up process. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines,

---

[2] The 2,278 undeliverable Postcard Notices were received after the deadline to submit a Claim Form and therefore those records were not re-mailed.

which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]

## CLAIM ACTIVITY

13.    The last day to submit a Claim Form was April 13, 2026.

14.    As of May 13, 2026, Kroll has received 5,485 Claim Forms through the mail and 5,383 Claim Forms filed electronically through the Settlement Website, for a total of 10,868 claims received. Kroll is still in the process of reviewing and validating Claim Forms. Of the 10,868 claims received, Kroll has removed 107 duplicate Claim Forms and eleven (11) Claim Forms submitted by individuals determined to be outside the Settlement Class, leaving a total of 10,750 claims.

15.    To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Settlement Class Members were provided a unique "Class Member ID" on their respective Postcard Notices as part of the claims process. The Class Member ID was required for Settlement Class Members to file a Claim Form online.

16.    As of May 13, 2026, Kroll has identified 284 Claim Forms that are deficient. On May 18, 2026, Kroll issued deficiency notices to 284 claimants, providing the claimants an opportunity to cure their claim. Also, as noted above, Kroll has also identified 107 duplicate Claim Forms and eleven (11) Claim Forms submitted by individuals determined to be outside the Settlement Class.

17.    Kroll's review of Claim Forms remains ongoing, including review of any deficiency cures received, and accordingly, all claim counts and categorizations are preliminary and subject to change.

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d ed. 2010).

18.     As of May 13, 2026, Kroll has received 219 late Claim Forms, which Class Counsel has authorized Kroll to process as timely submitted claims. These late Claim Forms are included in the claim totals referenced above, including any claims identified as deficient and subject to cure.

## EXCLUSIONS AND OBJECTIONS

19.     The last day to submit opt-out requests and objections was April 13, 2026.

20.     Kroll has received seventeen (17) timely requests for exclusion. A list of exclusions received is attached hereto as **Exhibit F**. Settlement Class Members were not instructed to submit their objections to the Claims Administrator, and none have been received by Kroll.

## COSTS OF SETTLEMENT ADMINISTRATION

21.     As of March 31, 2026, Kroll has billed $156,004.43 for services and fees incurred in the administration of this matter. Given the active status of this Settlement and the claims review process, along with the continued receipt of claims and deficiency responses, at this time Kroll is not able to provide an estimate of additional fees and costs that may be incurred through the completion of the administration process. Per the proposal negotiated by the parties, Kroll's services and fees are capped at a maximum of $316,280.[5]

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on May 27, 2026, in Kansas City, Missouri.



ANDREA DUDINSKY

---

[5] As set forth in the proposal, this "Not-to-Exceed" amount is contingent upon no change in the scope of work provided. Postage rates will increase bi-annually (January & July) and may cause the Not-to-Exceed amount to increase as this is a pass through expense.

# Exhibit A



VIA U.S. MAIL

Date:   December 29, 2025

To:     All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
        (*see attached service list*)

        Re:     CAFA Notice for the proposed Settlement in Jackson v. Gen Digital Inc., 2:25-cv-
                00535-MTL, pending in the U.S. District Court for the District of Arizona


        Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant Gen Digital Inc. ("Defendant" or "Gen Digital Inc.") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the District of Arizona, Eastern Division (the "Court").

        Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFAnotice.com under the folder entitled Jackson v. Gen Digital Inc.:

1.      28 U.S.C. § 1715(b)(1) – a copy of the complaint and any materials filed with the complaint and any amended complaints. The Class Action Complaint filed on February 18,2025

        The Class Action Complaint is available as **Exhibit A**.

2.      28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action.

        On December 19, 2025, the proposed Preliminary Approval Order was filed. The proposed Preliminary Approval Order is available as **Exhibit B**.

3.      28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

        Copies of the proposed Postcard Notice with detachable Claim Form and Long Form Notice will be provided to Settlement Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibits C** and **D**, respectively.

4.      28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement.

        The Class Action Settlement Agreement and Release is available as **Exhibit E**.

Page 2 of 2

5.    28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or agreements beyond what is set forth in the Settlement Agreement.

6.    28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.    28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph. (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement

The Settlement Class is defined as:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

An estimated breakdown by state for known Class Members is available as **Exhibit F.**

8.    28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFAnotice.com under the folder entitled Jackson v. Gen Digital Inc., please contact the undersigned below.

Respectfully submitted,

Amanda Stallings
Senior Manager
Amanda.Stallings@Kroll.com

\

# Exhibit B

Page 1 of 4

# CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Pamela Bondi
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106
*AG.CAFA@CT.GOV

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
James Uthmeier
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place, 20th Floor
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota St, Suite 600
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701
* NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
33 Capitol Street
Concord, NH 03301

* Preferred

Page 3 of 4

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504-1508

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224
*CAFA.Notices@ag.ny.gov

**North Carolina Attorney General**
Jeff Jackson
Dept. of Justice, P.O. Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney
General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Dan Rayfield
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Dave Sunday
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Janet Parra-Mercado
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

Page 4 of 4

**U.S. Virgin Islands Attorney General**
Gordon C. Rhea
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Derek Brown
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Nick Brown
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
John McCuskey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Ryan Schelhaas
State Capitol Bldg.
200 W. 24th Street
109 State Capitol
Cheyenne, WY 82002

# Exhibit C

**This is a notice of a settlement of a class action lawsuit.**

**This is <u>not</u> a notice of a lawsuit against you.**

**If you received an artificial or prerecorded voice call to your cell phone from Gen Digital Inc. regarding a LifeLock or Norton account between February 19, 2021 and October 30, 2025, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Jackson v. Gen Digital Inc.,*
No. 2:25-cv-00535-MTL (D. Ariz.)

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

---

*Jackson v. Gen Digital Inc.*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

**What is this lawsuit about?** Michelle Jackson filed a class action lawsuit against Gen Digital Inc. ("Gen"), alleging that Gen violated the Telephone Consumer Protection Act ("TCPA") by placing calls with an artificial or prerecorded voice regarding LifeLock and Norton accounts to cellular telephone numbers assigned to persons who do not have LifeLock or Norton accounts. Gen denies Ms. Jackson's allegations and denies it violated the TCPA. The Court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Gen's records indicated that you <u>may</u> be a member of the following settlement class: "All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025." If you are a LifeLock or Norton customer, you are not a member of the class, and this notice does not affect you.

**What does the settlement provide?** Gen will establish a settlement fund of $9.95 million. Out of the settlement fund will be paid: (1) settlement compensation to participating settlement class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel in litigating this matter not to exceed $20,000, subject to the Court's approval; (4) costs of notice and administration; and (5) a service award to Ms. Jackson not to exceed $15,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $200 and $625, depending on the number of settlement class members who participate.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at **www.JacksonIVRsettlement.com**, by **April 13, 2026**, in which case you will receive a proportionate share of the settlement fund after deducting the fees, costs, expenses, and award listed above, and will release certain claims you may have against Gen. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain claims you may have against Gen. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claims you may have against Gen. Or fourth, you may object to the settlement. To obtain additional information about your legal rights and options, visit **www.JacksonIVRsettlement.com**, or contact the settlement administrator by writing to Jackson v. Gen Digital Inc. Settlement Administrator, Jackson v. Gen Digital Inc., c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on July 14, 2026, at 10:00 a.m. The hearing will take place in the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

Postage
Required

*Jackson v. Gen Digital Inc.*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

<<Barcode>>

Claim ID: <<Refnum>>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
Michelle Jackson v. Gen Digital Inc.,
Case No. 2:25-cv-00535-MTL (D. Ariz.)



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

## CLAIM FORM

| If different address from the preprinted data on the left, please print your correct information. |
|---|

Claim ID: <<refnum>>

<<firstname>> <<mi>> <<lastname>>

<<address1>> <<address2>>

<<City>>, <<State>> <<Zip>>

_____     _____
First Name                                                     Last Name

_____
Address

_____  _____  ___ ___ ___ ___ ___
City                                                                          State          ZipCode

I affirm that I received one or more artificial or prerecorded voice calls from Gen Digital Inc. regarding a LifeLock or Norton account to my cellular telephone between February 19, 2021 and October 30, 2025. When I received those calls, I did not have a LifeLock or Norton account, and I wish to participate in this settlement.

**Telephone number at which I received the call(s):**

**Signature:** _____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

**Dated:** ___ ___ / ___ ___ / ___ ___ ___ ___

**To receive a payment, you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before April 13, 2026.**

Or you may submit a claim through the settlement website, **www.JacksonIVRsettlement.com**.

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Claims Administrator, postmarked on or before April 13, 2026.**
**Your request must include the information required by the Court's January 28, 2026 Order which can be viewed at the settlement website.**

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Michelle Jackson, *on behalf of herself*          )
*and others similarly situated*,                       )          No.: 2:25-cv-00535-MTL
                                                                  )
                    Plaintiff,                             )
                                                                  )
v.                                                             )
                                                                  )
Gen Digital Inc.,                                        )
                                                                  )
                    Defendant.                          )
_____)

**WEBSITE Q & A NOTICE**


**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**


    **If you received an artificial or prerecorded voice call on your cellular telephone from Gen Digital Inc. ("Gen") between February 19, 2021 and October 30, 2025 regarding a LifeLock or Norton account and you did not have a LifeLock or Norton account, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**


*Michelle Jackson v. Gen Digital Inc.*, No. 2:25-cv-00535-MTL (D. Ariz.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

1

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM BY MONDAY APRIL 13, 2026** | If you are a class member and you submit a timely, valid claim form you will receive a proportionate share of the $9.95 million settlement fund after various expenses are deducted, and you will release claims you may have against Gen related to this case. It is estimated that each claimant will receive between $200 and $625, depending on the number of participating class members. |
| **EXCLUDE YOURSELF BY MONDAY APRIL 13, 2026** | If you are a class member and you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against Gen. |
| **OBJECT BY MONDAY APRIL 13, 2026** | If you are a class member, you may object to the settlement. |
| **DO NOTHING:** | If you are a class member and you do nothing, you will <u>not</u> receive a share of the settlement fund, but you will release claims you may have against Gen related to this case. |

## Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Michelle Jackson filed against Gen. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement payment, excluding yourself from the settlement, or objecting to the settlement.

## What is this lawsuit about?

Ms. Jackson filed a proposed class action lawsuit against Gen, alleging that it violated the Telephone Consumer Protection Act ("TCPA") by using an artificial or prerecorded voice in connection with calls it placed regarding LifeLock and Norton accounts to cellular telephone numbers of persons who are not its customers or accountholders. The TCPA provides for $500, and up to $1,500, in damages for violations. However, among other defenses, prior express consent is a complete defense to a TCPA claim. In addition, calls made for emergency purposes are not actionable under the TCPA.

Gen denies the allegations and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Ms. Jackson, on the one hand, and Gen, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with continued litigation, and to achieve a final resolution of disputed claims. Under the settlement, class members will obtain a payment to resolve the claims that Ms. Jackson raised in the lawsuit. Ms. Jackson and her attorneys think the settlement is in the best interest of all class members.

### How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account with LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

### What does the settlement provide?

Gen will establish a settlement fund in the amount of $9.95 million. Out of the settlement fund, Gen will pay:

     a.     Settlement compensation to the class members;

     b.     The costs and expenses of administrating the class action settlement;

     c.     An award of attorneys' fees, subject to the Court's approval;

     d.     Costs and expenses incurred litigating this matter, subject to the Court's approval; and

     e.     A service award to Ms. Jackson, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting:

      a.     Costs and expenses of administrating the class action settlement, estimated to be $315,400;

      b.     Attorneys' fees in an amount not to exceed one-third of the settlement fund, subject to the Court's approval;

      c.     Costs and litigation expenses not to exceed $20,000, subject to the Court's approval; and

      d.     A service award for Ms. Jackson, not to exceed $15,000, subject to the Court's approval.

### How can you get a payment?

You must mail a valid claim form to *Jackson v. Gen Digital Inc.*, c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391, postmarked by **April 13, 2026**. Or you must submit a valid claim through www.JacksonIVRsettlement.com by the same date.

If you did not receive a claim form in the mail but you believe you are a settlement class member, you must provide to the claims administrator evidence of having received from Gen one or more calls with an artificial or prerecorded voice regarding a LifeLock or Norton account during the settlement class period, and attest to the fact that you were not a customer of LifeLock or Norton when you received these calls. Upon the provision of such evidence, the claims administrator will then send a claim form for you to complete. More information can be found in the settlement agreement, which is available on the settlement website, www.JacksonIVRsettlement.com.

### When will you be paid?

If the Court grants final approval of the settlement, settlement payments will be sent to class members who submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final, unless additional time is necessary to comply with IRS regulations. If there is an appeal of the settlement, payment may be delayed by the appeal.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, and if you meet the class definition, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against Gen over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against Gen.

4

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.JacksonIVRsettlement.com, or through Public Access to Court Electronic Records (PACER).

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will not receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator, at Jackson v. Gen Digital Inc., c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391, postmarked by **April 13, 2026**. You must include in your request for exclusion:

    a.    Your full name;

    b.    Your address;

    c.    Your cellular telephone number, which was called by Gen using an artificial or prerecorded voice;

    d.    A statement attesting to the fact that when you received a call from Gen, you were not a LifeLock or Norton customer; and

    e.    A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Jackson v. Gen* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **July 14, 2026**, at **10:00 a.m**. The hearing will take place at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003 in Courtroom 504. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. However, you cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

## What if you want to object to the settlement?

If you do not exclude yourself from the settlement, if you are a class member you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **April 13, 2026**, to Class Counsel, Gen's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendant's Counsel: | Court: |
|---|---|---|
| Michael L. Greenwald | Artin Betpera | U.S. District Court for the |
| Greenwald Davidson | Buchalter, a Professional | District of Arizona |
| Radbil PLLC | Corporation | Sandra Day O'Connor U.S. |
| 5550 Glades Rd., Suite | 18400 Von Karman Avenue | Courthouse |
| 500 | Suite 800 | 401 W. Washington Street |
| Boca Raton, FL 33431 | Irvine, CA 92612 | Phoenix, AZ 85003 |

You must include in your objection:

a. Your full name;

b. Your address;

c. Any documents establishing, or provide information sufficient to allow the Parties to confirm, that you are a Settlement Class Member, including providing the cellular telephone number to which Gen placed a call or calls with an artificial or prerecorded voice regarding a LifeLock or Norton account during the Settlement Class Period;

d. A statement of the specific objection(s);

e. A description of the facts underlying the objection, including any documents that you would like the Court to consider;

f. A description of the legal authorities that support each objection; and

g. A statement noting whether you intend to appear at the final fairness hearing and wish to be heard.

## By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **April 13, 2026**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Gen's attorneys, at the addresses set forth above.

**What if you do nothing?**

If you are in the class, do nothing, and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against Gen related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a separate lawsuit against Gen over the released claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits at this time, and the lawsuit will continue.

**Who are Ms. Jackson's attorneys?**

Ms. Jackson's attorneys are:

> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431
>
> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043

The Court has appointed Ms. Jackson's attorneys to act as Class Counsel. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are Gen's attorneys?**

Gen's attorneys are:

> Artin Betpera
> Buchalter, a Professional Corporation
> 18400 Von Karman Avenue
> Suite 800
> Irvine, CA 92612

**Before what Court is this matter pending?**

Ms. Jackson filed her class action lawsuit in the following Court:

> United States District Court for the District of Arizona
> Sandra D. O'Connor U.S. Courthouse
> 401 W. Washington Street
> Phoenix, AZ 85003

**Where can you get additional information?**

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the District of Arizona. In addition, pertinent case materials, including the settlement agreement and other documents, are available at the settlement website, **www.JacksonIVRsettlement.com**.

If you would like additional information about this matter, please contact:

**Jackson v. Gen Digital Inc.**
**c/o Kroll Settlement Administration**
**PO Box 225391**
**New York, NY 10150-5391**

Please do not call the Judge or the Clerk of Court about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Gen nor Gen's attorneys represent you, and they cannot give you legal advice.

# Exhibit E

Claim ID:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
Michelle Jackson v. Gen Digital Inc.,
Case No. 2:25-cv-00535-MTL (D. Ariz.)



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

**CLAIM FORM**

Please print your correct information.

Claim ID:

First Name _____ Last Name _____

Address _____

_____
City _____ State ___ ZipCode ___

I affirm that I received one or more artificial or prerecorded voice calls from Gen Digital Inc. regarding a LifeLock or Norton account to my cellular telephone between February 19, 2021 and October 30, 2025. When I received those calls, I did not have a LifeLock or Norton account, and I wish to participate in this settlement.

**Telephone number at which I received the call(s):**

**Signature:** _____          ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___

___ **Dated:** ___ ___ / ___ ___ / ___ ___ ___ ___

**To receive a payment, you must enter all requested information above, sign
and mail this claim form, postmarked on or before April 13, 2026.**

Or you may submit a claim through the settlement website, **www.JacksonIVRsettlement.com**.

**To exclude yourself from the class action settlement you must mail a written request for
exclusion to the Claims Administrator, postmarked on or before April 13, 2026.
Your request must include the information required by the Court's January 28, 2026 Order which can be viewed at the settlement website.**
**IF YOU MOVE, send your CHANGE OF ADDRESS to the
Settlement Administrator at the address on the backside of this form.**

# Exhibit F

# Exclusion List

| Count | First Initial | Last Name |
|---|---|---|
| 1 | B | VANCE |
| 2 | B | LANE |
| 3 | C | LIBBY |
| 4 | C | PARMELE |
| 5 | D | BARKER |
| 6 | G | NEWELL |
| 7 | J | COURTNEY |
| 8 | J | BAXLEY |
| 9 | L | HOLLOWAY |
| 10 | M | KASHNER |
| 11 | M | ROBINSON |
| 12 | R | PICEK |
| 13 | R | RIOS |
| 14 | R | RUTZEL |
| 15 | R | LUND |
| 16 | S | LARSON |
| 17 | G | SOUTHBLOOM |