**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle Jackson, *on behalf of herself and others similarly situated*, | ) ) No. 2:25-cv-00535-MTL |
| Plaintiff, | ) ) **FINAL ORDER AND** |
| v. | ) **JUDGMENT** ) |
| Gen Digital Inc., | ) ) |
| Defendant. | ) ) |
| _____ | ) |

This Court is advised that the parties to this action, Michelle Jackson ("Plaintiff") and Gen Digital Inc. ("Defendant"), have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

On February 18, 2025, Michelle Jackson ("Plaintiff") filed a class action complaint against Gen Digital Inc. ("Defendant") in the United States District Court for the District of Arizona, No. 2:25-cv-00535-MTL, asserting class claims under the TCPA. ECF No. 1.

On or around December 17, 2025, after extensive arm's-length negotiations and as a result of mediation before Hon. Diane M. Welsh (Ret.), Plaintiff and Defendant (the "Parties") entered into the Agreement, ECF No. 21-1 at 12-68, which is subject to review under Fed. R. Civ. P. 23.

On December 19, 2025, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 21.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, the claims administrator served written notice of the proposed class

1

settlement as directed. Defendant has complied in all respects with its obligations under 28 U.S.C. § 1715.

On January 28, 2026, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. 23.

On March 9, 2026, Plaintiff filed her motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. 24.

On June 3, 2026, Plaintiff filed her motion for final approval of the class action settlement (the "Final Approval Motion"). ECF No. 25.

On July 14, 2026, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy, for settlement purposes only, the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification, for settlement purposes only, of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

All persons throughout the United States (1) to whom Gen Digital Inc. placed, or caused to be placed, a call regarding a LifeLock or Norton account, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a LifeLock or Norton account with Gen Digital Inc., (3) in connection with which Gen Digital Inc. used or caused to be used an artificial or prerecorded voice, (4) from February 19, 2021 to October 30, 2025.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Michael L. Greenwald of Greenwald Davidson Radbil PLLC and Anthony Paronich of Paronich Law, P.C. as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely, in the settlement context:

A.    The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.    Plaintiff's claims are typical of the claims of the settlement class members;

D.    Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members;

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

F.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998):

A.    The strengths and weaknesses of Plaintiff's claims, together with the risk, expense, complexity, and likely duration of further litigation, as well as the risk of maintaining class action status through trial, favor final approval;

B.    The immediate, meaningful cash relief afforded by the settlement favors final approval;

C.    The settlement here provides immediate, significant monetary relief to members of the settlement class, and avoids the certainty of additional, expensive, and protracted litigation. In addition, Defendant will utilize the Federal Communications Commission's Reassigned Numbers Database on a go-forward basis, which should limit calls it places to persons who are not its customers or accountholders. As a result, the settlement constitutes an objectively favorable result for settlement class members and the general public, and outweighs the mere possibility of future relief after protracted and expensive litigation;

D.    The posture of this case, and the experience and views of class counsel, favor final approval. Additionally, the Parties' arm's-length settlement negotiations through experienced counsel, with the assistance of a well-respected mediator, demonstrate the fairness of the settlement, and that the settlement is not a product of collusion; and

E.    The reaction of absent class members, and the absence of a governmental participant, favor final approval. That only 18 persons excluded themselves from the settlement, that no settlement class members objected to the settlement, and that no government official objected to the settlement, strongly supports final approval of the settlement. *See Lee v. Ocwen Loan Servicing, LLC,* No. 14-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015) ("Obviously, a low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable.").

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects

4

fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    A.    <u>Settlement Fund</u> – Defendant established a $9,950,000 non-reversionary fund (the "Settlement Fund").

    B.    <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

        i.    The costs for the administration of the settlement and class notice;

        ii.    Class counsel's attorneys' fees, in the amount of $3,316,666.66, and the reimbursement of class counsel's reasonable litigation costs and expenses in the amount of $15,387.66; and

        iii.    The incentive payment to Plaintiff, who will receive $15,000 from the Settlement Fund as acknowledgment of her role in prosecuting claims on behalf of the settlement class members. *See, e.g.*, *Head v. Citibank, N.A.*, No. 18-cv-08189-PCT-ROS,

2025 WL 226660, at \*4 (D. Ariz. Jan. 15, 2025) (Silver, J.) (approving $15,000 incentive award for class representative in TCPA class action)

C.    Settlement Payments to Class Members - Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement payment will be void no fewer than 120 days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. Sixteen individuals made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion: Bradley Vance, Brenda Lane, Carol Libby, Colleen Parmele, Donald Barker, Gloria Newell, Janet Courtney, Jean Baxley, Latonia Holloway, Maria Kashner, Megan Robinson, Robert L. Picek, Robert Rios, Robert Rutzel, Rose Lund, Sandra Larson, and Gerald Southbloom.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released parties as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with,

or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. This order is not a finding of validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit.

By entering this order, the Court does not make any determination as to the merits of this Lawsuit, and Defendant denies any liability of wrongdoing.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, expenses, and an incentive award, ECF No. 24, class counsel's request for an award of attorneys' fees of $3,316,666.66 from the settlement fund is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $15,387.66 is approved. *See id*.

Plaintiff's request for an incentive award of $15,000 is approved. *See id*.